JAMES L. BAKER *vs.* RHODE ISLAND ICE COMPANY.

DECEMBER 20, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This is an action of trespass on the case for negligence in which plaintiff was adjudged nonsuit in the superior court, on the motion of the defendant. The case is here on plaintiff's exception to that ruling.

It appears from the evidence that plaintiff sustained personal injuries by reason of being struck by defendant's truck which was operated, at the time of the accident, by Henry Svezek, an employee of defendant. The accident occurred at about eight o'clock in the evening of August 3, 1945, on or near a public highway in the village of Forestdale in the town of North Smithfield. On the morning of the same day Svezek had taken the truck from its garage at 407 Arnold street, Woonsocket, to haul ice from the defendant's Pawtuxet Valley ice plant to the village of Primrose. The scene of the accident was not on the traveled highway route between those points nor was it on the route from Primrose to the garage in Woonsocket whence Svezek was supposed to return the truck at the end of his workday, which was usually about 4 or 4:30 o'clock in the afternoon. On the day of the accident he did not so return it but became involved in the collision with the plaintiff's automobile in Forestdale. From the testimony it appeared that Svezek was intoxicated at the time of the accident.

Defendant, in its brief, conceded "that initially the truck was being operated with the consent of the defendant." But it contended "that consent was limited to the performance of the defendant's business until 4:30 p.m. and to operation on the normal route between Primrose and Woonsocket." It further contended that the uncontradicted evidence showed that the accident occurred almost four hours after Svezek's workday normally was supposed to end and at a place some three miles distant from the normal route which

he was supposed to follow. For those reasons defendant's counsel argued that the justice of the superior court did not err in granting defendant's motion for a nonsuit, since there was no evidence that, at the time of the accident, Svezek was operating the truck with his employer's consent or that he was on the business of his employer at that time.

Plaintiff on the other hand contended that since the evidence shows that Svezek took the truck with the consent of the defendant it makes no difference that he did not return it at 4:30 p.m. or that he was not on the normal route of the truck when the accident occurred. He argued that, by virtue of general laws 1938, chapter 98, §10, as amended by public laws 1940, chap. 867, the initial consent of the defendant to the operation of the truck by its employee, which is established by the evidence and admitted by defendant, made the employee defendant's agent for whose negligence thereafter in the operation of the truck upon the public highway defendant was responsible. And he further argued that evidence that the employee had deviated from the course of his employment in driving the truck several miles distant from its normal route and in keeping it beyond the time he was supposed to return it to defendant did not constitute, as a matter of law, a revocation of defendant's initial consent to the operation of the truck by its employee upon the highway. If it did, plaintiff contended, that would be tantamount to applying the old common-law rule that the principal was not legally responsible for the acts of his agent while acting beyond the scope of his agency, which rule, he further argued, had been abrogated by §10, as construed by this court.

The question here is thus fundamentally one of the scope of the application of §10 to the facts in evidence, and also, perhaps, of a further construction of that section. The pertinent part of §10 reads as follows: "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, or lessee, or bailee, thereof, expressed or implied,

the operator thereof, if other than such owner, or lessee, or bailee, *shall in case of accident, be deemed to be the agent of the owner or lessee, or bailee, of such motor vehicle . . . .*" (italics ours) This section was originally P. L. 1927, chap. 1040, sec. 3. Later it was amended in some particulars, which are not of importance here, by P. L. 1929, chap. 1429, sec. 10. It was again amended by P. L. 1933, chap. 2046, and the words which we have italicized above were deleted from the section. As thus amended it became §10 of chap. 98 in the revision of the general laws of 1938. However, the deleted words were restored by the enactment of P. L. 1940, chap. 867.

In its various forms the section has been before this court for construction in a number of cases, but, for our purposes in considering its effect under the facts of the case at bar, we need refer only to those cases which involved the section when it contained the words which we have italicized. The section was first construed in *Guerin* v. *Mongeon*, 49 R. I. 414. In that case defendant's automobile was taken by his son to deliver some groceries which a customer had purchased at defendant's grocery store, where the son was employed. On his way he met some friends and agreed to take them to their home which was a mile distant in a direction away from the route which he should have taken to deliver the groceries. While thus engaged he became involved in an accident.

Defendant in that case testified that his son had no authority to use the automobile. On those facts this court said that, under the rule of the common law, the defendant was not responsible for his son's negligence because "he had departed for the time being from the course of his employment." But the court further said that the common law did not apply because, under the statute, if the consent of the owner is proved, "it is no longer a defence in case of accident that the servant or agent to whom the use or operation of the vehicle has been intrusted has temporarily de-

parted from the course of his employment or the scope of his agency."

The question of consent, on the evidence in that case, was held to be one for the jury, and a directed verdict for the defendant was disapproved. The fair inference to be drawn from the court's opinion is that if the jury found that the son had his father's consent to use the automobile to deliver the groceries, they could find the father liable for his son's negligence notwithstanding that the accident occurred at a time when the son was not delivering the groceries but was on a mission of his own.

In *Kernan* v. *Webb,* 50 R. I. 394, defendant's automobile was involved in an accident at night in this state. At the time of the accident the automobile was being operated by a friend of defendant. Defendant lived in Boston, Massachusetts, and his friend lived in Roxbury in the same state. He admitted that he permitted her to use his car, but only in Massachusetts and within fifty miles of Boston. He testified that he always forbade her to use the car at night. Holding that the statute applied and that defendant's friend was his agent despite the claimed limitations on his consent to her operation of his car, the court said: "The foundation of this statutory liability of the owner is the permission given to another to use an instrumentality which, if improperly used, is a danger and a menace to the public. The owner can avoid this liability by refusing to permit the use of his automobile by another. If he does permit such use, he cannot avoid the consequences of the operator's negligence and escape liability therefor by secret restrictions of the right to use the motor vehicle."

The next pertinent case to come before this court was *Massart* v. *Narragansett Electric Co.,* 54 R. I. 154. There it was admitted that the operator of defendant's automobile was driving it with defendant's consent but defendant sought to show that, at the time of the accident, the operator was a bailee and that he was not defendant's servant. The testimony showed that defendant provided the operator with

the automobile to answer emergency calls, and that in order to facilitate such service he was allowed to keep the car at his home overnight. Defendant paid the overnight garage rent and also paid for gasoline, oil and repairs. The accident out of which the action arose occurred while the operator of the automobile was on his way home after his day's work was done. Defendant contended that the operator while thus driving to his home was not its servant but a bailee. The court, after pointing out that, even under the common law, the evidence did not bear out defendant's contention that the operator was then acting outside the scope of his employment, said, at page 159: "Furthermore, the statute . . . abrogates the defense of deviation from route or scope of employment when the servant is operating the automobile with his master's consent." From this language it is clear that the court rejected defendant's contention that deviation from the scope of the employment could be availed of by it to show that the consent which it had originally given the operator to drive the automobile did not continue while the operator was driving to his home after his day's work was done.

While the cases which we have discussed above are not identical in their facts with the case at bar, they are nevertheless similar in the nature of the legal problem which they presented for solution. That problem involved, either directly or indirectly, the construction and the application of §10 or its predecessor sections containing the language which we have hereinbefore italicized. In our opinion it is clear from those cases that, where consent to operate is proved, the part of §10 with which we are here concerned created a new liability which attached to the owner of an automobile who permitted another, not his bailee or lessee, to operate it upon the public highway. As was said in *Kernan* v. *Webb*, *supra*, at page 398: "The statute is intended to be operative and to impose a liability when there is an accident and there is no existing agency." Regardless of language in *Hartley* v. *Johnson,* 54 R. I. 477, which would seem to hold that sec.

10, chap. 1429, P. L. 1929, was merely procedural, there can be no question that the part of the section with which we are here concerned is clearly substantive and we so held in *Emond* v. *Fallon,* 56 R. I. 419.

Such statutory liability upon the owner of an automobile is one that he can avoid by not permitting another to drive it upon the public highway. If he does permit such operation of his automobile and he cannot show that the operator was either his bailee or lessee, and an accident occurs, the operator will be deemed his agent notwithstanding that, at the time of the accident, the operator was not on the owner's business but was on a mission or frolic of his own. Any construction of the statute that would allow the employer, as in the instant case, to show that the initial consent was limited to the normal working time of his servant and confined to the normal route over which the truck would customarily be operated in the course of the operator's employment, would have the effect of restoring certain common-law defenses which the statute was designed to abrogate. See *Kernan* v. *Webb, supra,* pages 398 and 399.

Applying our conception of §10 to the facts in the case at bar there was no evidence which contradicted the plaintiff's evidence that Svezek took defendant's truck and drove it on the public highway with its consent. Evidence that the operator had not returned the truck by 4:30 p.m. and that the accident occurred at 8 p.m. in Forestdale, three miles distant from the normal route of the truck, was not, under §10, sufficient, as a matter of law, to establish that the operator was not at that time driving defendant's truck with its consent. We are, therefore, of the opinion that the justice of the superior court erred in granting defendant's motion for a nonsuit.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Kennedy & Greene,* for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.