F. D. McKendall Lumber Co. *vs.* Delia Ramieri.

November 9, 1956.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an action of trespass on the case for negligence to recover for damages to the plaintiff's motor vehicle resulting from a collision with another automobile which occurred in the city of Cranston on October 1, 1949. The case was tried before a justice of the superior court sitting without a jury and a decision was rendered for the plaintiff in the amount of $980.09. It is before us on the defendant's bill of exceptions to such decision and to other rulings during the trial.

It appears from substantially undisputed evidence that on October 1, 1949 defendant, who resides on Laban street

in the city of Providence, gave permission to her son, Theodore Ramieri, to use her automobile to go to a nearby grocery store to purchase a loaf of bread. It further appears that the son, after procuring the bread, did not return immediately but went to the home of a friend, Joseph Rowan. Rowan persuaded Theodore to drive to the home of two girls in another section of Providence so that they might all go for a ride. While Ramieri was driving the car they went to a place in the town of Coventry and remained at this resort for some time. They later departed for home and Rowan drove the car with Ramieri's permission while he rode in the rear seat with one of the girls.

Shortly before midnight while Rowan was still operating the automobile it was involved in a collision with a car owned by the plaintiff corporation and operated by Frank D. McKendall, Jr. At the conclusion of the trial the parties agreed that if the defendant had testified, her testimony would have been that she gave her consent for the use of the car by her son to do the errand specified; that she did not know her son was going to visit Rowan and go out with the girls; and that she did not know he would give Rowan permission to operate the vehicle. It is not disputed that at the time of the collision Rowan was driving the car with Theodore's permission.

We have examined the rulings complained of under exceptions numbered 4, 5 and 6 relied upon by defendant. These relate to rulings of the trial justice sustaining objections made by counsel for plaintiff to certain questions asked by counsel for defendant during cross-examination of the witness Theodore Ramieri. From our examination exception 6 does not appear in the record to have been noted in behalf of defendant and therefore need not be considered. With respect to exceptions numbered 4 and 5, we are of the opinion that no reversible error was committed in either of the rulings complained of thereunder. All these exceptions are overruled.

The defendant contends under exception numbered 9 that the trial justice was in error when he held that Rowan, while operating defendant's motor vehicle, was her statutory agent under the provisions of general laws 1938, chapter 98, sec. 10, as amended by public laws 1940, chap. 867. The pertinent portion of this statute reads as follows:

> "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner * * * expressed or implied, the operator thereof, if other than such owner * * * shall in case of accident, be deemed to be the agent of the owner * * *. Evidence that at the time of such accident or collision the motor vehicle was registered in the name of the defendant shall be prima facie evidence that it was being operated with the consent of said defendant, and absence of such consent shall be an affirmative defence to be set up in the answer and proved by the defendant."

The defendant filed special pleas under the statute which raise as an affirmative defense the absence of consent on her part to Rowan's operation of the automobile. It is clear from the evidence in the instant case that the defendant consented to the use and operation of the car by her son and that he consented to Rowan's operation thereof while he was riding therein as a passenger. Consequently the only question raised was whether the consent of the defendant's son to Rowan's operation of the motor vehicle had the effect of making Rowan a statutory agent of the defendant.

On several occasions we have considered this statute in its present and prior form. In *Hill* v. *Cabral*, 62 R. I. 11, at page 15, we stated that "the plain intent of the legislature has been to more adequately protect an innocent victim against financial loss following an accident in case a motor vehicle is operated by a person other than the owner."

There is no denial here that the consent of the defendant mother to her son to take the car to do an errand created the agency contemplated by the statute, and that any negli-

gence on his part in its operation would be imputable to the defendant. However, she argues that her son went beyond the authority given him to use the automobile when he deviated from the particular errand upon which he had been sent by the defendant. We have refused to construe the statute in such manner as to allow the owner of a motor vehicle to show that the consent given the employee was limited to his working hours or to activities normal to his employment. Our reason therefor was that such construction would have had the effect of restoring certain common-law defenses which the statute was designed to abrogate. *Baker* v. *Rhode Island Ice Co.*, 72 R. I. 262, 268.

In the *Baker* case the pertinent relationship was that of an employer and employee. In the instant case it is that of mother and son. We do not perceive that there is anything different in these relationships in contemplation of the statute, or at least anything so different that the instant case would not fall clearly within the rule laid down in the *Baker* case. All that the son did was to use the vehicle in a manner not expressly authorized by the owner when her consent was given. We conclude therefore that mere deviation by a child from the scope of the consent given by a parent to operate a car owned by the parent will not vitiate the prima facie evidence of consent provided for by the statute under consideration. It is our opinion that where a child while *using* a motor vehicle with the consent of the parent-owner permits another to operate said vehicle, and an accident occurs while it is being so used and operated, the negligence of such operator under the statute is imputable to the consenting parent.

The defendant further contends under her exception to the decision that if she is liable under the law for the negligent operation by Rowan the decision of the trial justice is against the evidence as to the issues of negligence and contributory negligence and that it fails to do justice between the parties. It is our well-settled rule that where as

here the parties submit their case on the law and on the facts to a trial justice sitting without a jury his decision is entitled to great weight and should not be set aside unless it is clearly wrong or fails to do substantial justice between the parties. *Vitullo* v. *Ambrosino,* 78 R. I. 354, 357. Having this rule in mind, we have carefully examined the transcript and find that in the state of the evidence we cannot say that the trial justice was clearly wrong or that his decision did not do substantial justice between the parties. The other exceptions are expressly waived.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Higgins & McCabe,* for plaintiff.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum,* for defendant.