David BLACK

v.

Timothy VAICIULIS, alias et al.

No. 2006–224–Appeal.

Supreme Court of Rhode Island.

Nov. 9, 2007.

Robert D'Amico II, Esq., Providence, for Plaintiff.

Martin DeMagistris, Esq., Warwick, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice Flaherty, for the Court.

Following an afternoon of drinking at Stick's Tavern, a local watering hole in Glocester, Timothy Vaiciulis took his employer's new 2002 Chevrolet Silverado out for a spin with the plaintiff, David Black, in the passenger seat. Unfortunately, the trip resulted in disastrous consequences because a collision with a utility pole left Vaiciulis vulnerable to drunk-driving charges, the plaintiff injured, and Snake Hill Road utility pole No. 79 in two pieces. Furthermore, the accident brought Vaiciulis' employer, the defendant Me & Debbie Construction, Inc. (M & D), unhappy results as well. Black sued both Vaiciulis and M & D for his injuries,[1] with the latter's liability based on its ownership of the truck involved in the accident. The present appeal addresses the issue of the defendant's liability for the plaintiff's injuries.

### Facts and Procedural History

M&D, a Texas-based company, was hired to perform construction work at the Garden City Shopping Center in Cranston in September 2002. Larry Stagner, an owner and officer of M & D, hired Vaiciulis as a laborer to help with the project. In early September 2002, Stagner and Vaiciulis drove together from Texas to Rhode Island in a truck and attached trailer owned by and registered to M & D. Stagner testified that he drove the entire way during this three-day trip. Stagner rented trailer space at the Holiday Acres Campground on Snake Hill Road in Glocester, where he and Vaiciulis were to reside for the duration of the construction job.

About three weeks into the project, on Friday, September 27, 2002, Stagner had to return to Texas for the weekend to attend to some personal matters; he drove to the T.F. Green Airport with Vaiciulis. Stagner testified that both before and during the drive, he instructed Vaiciulis to drive the truck directly back to the campground and then to pick him up at the airport on Sunday, September 29. Stagner testified that he repeatedly told Vaiciulis not to use the truck during the interim period. Because Stagner gave Vaiciulis the weekend off from work, the travel trailer had sufficient food and amenities, and there were various activities available at the campground, Stagner testified that Vaiciulis had no reason to use the truck during this period. He said that he told Vaiciulis to spend the weekend relaxing and watching television. Once he arrived at the airport, Stagner gave Vaiciulis the keys to the truck and left for Texas.

It appears that Vaiciulis then drove back to the campground, where he stayed until the next afternoon. On September 28, Vaiciulis drove defendant's truck to nearby Stick's Tavern, where he met plaintiff for the first time. The two shared numerous drinks and then decided to return to the campground in the truck. En route to the campground, Vaiciulis collided with a utility pole on Snake Hill Road. The plaintiff,

---

1. Vaiciulis was never served with the complaint because his whereabouts were unknown.

who was sitting in the passenger seat, was injured in the crash and Vaiciulis was arrested and subsequently convicted of driving under the influence pursuant to G.L. 1956 § 31–27–2.[2]

The plaintiff filed this personal injury action against defendant, as the owner of the automobile, under G.L.1956 §§ 31–33–6 and 31–33–7.[3] At the close of all the evidence, plaintiff moved for a judgment as a matter of law, pursuant to Rule 50 of the Superior Court Rules of Civil Procedure,[4] on the issue of defendant's statutory consent. The plaintiff argued that the limiting instructions that accompanied defendant's permission to Vaiciulis to use the vehicle did not invalidate the consent given to him to drive it. The trial justice reserved ruling on the motion and sent the case to the jury for deliberation.

The jury returned a verdict in favor of defendant. It found that although Vaiciulis was negligent, defendant was not liable because it did not provide express or implied consent for Vaiciulis' use of the truck. After the jury returned its verdict, the trial justice then reconsidered plaintiff's motion for judgment as a matter of law, which he had reserved. He characterized the limitations accompanying defendant's consent as insufficient based on the holdings of this Court in *Baker v. Rhode Island Ice Co.*, 72 R.I. 262, 50 A.2d 618 (1946), and *F.D. McKendall Lumber Co. v. Ramieri*, 85 R.I. 92, 126 A.2d 560 (1956). Therefore, the trial justice granted plaintiff's Rule 50 motion and ordered a new trial on the issue of damages and proximate causation.

The defendant timely appealed. On appeal, defendant argues that the issue of consent was properly submitted to the jury and that its verdict should be upheld. Specifically, defendant argues that the trial justice's ruling contravenes the clear language of the statute, the intent and public policy behind the statute, and Rhode Island Supreme Court opinions holding that the issue of consent properly is left to the jury. The plaintiff counters that because Vaiciulis was given permission to operate the vehicle on September 27, 2002, and again on September 29, Stag-

---

**2.** Although these charges are absent from the record, defendant references them in its brief to the Court.

**3.** General Laws 1956 § 31–33–6 provides:

"Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state with the consent of the owner, lessee, or bailee, expressed or implied, the driver of it, if other than the owner, lessee, or bailee, shall in the case of an accident be deemed to be the agent of the owner, lessee, or bailee, of the motor vehicle unless the driver shall have furnished proof of financial responsibility in the amount set forth in chapter 32 of this title, prior to the accident. For the purposes of this section, the term owner includes any person, firm, copartnership, association, or corporation having the lawful possession or control of a motor vehicle under a written sale agreement."

General Laws 1956 § 31–33–7 provides:

In all civil proceedings, evidence that at the time of the accident or collision the motor vehicle was registered in the name of the defendant, shall be prima facie evidence that it was being operated with the consent of the defendant, and the absence of consent shall be an affirmative defense to be set up in the answer and proved by the defendant.

**4.** Rule 50(a)(1) of the Superior Court Rules of Civil Procedure provides:

"If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

ner's prohibition against Vaiciulis' interim use is immaterial.[5] For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Standard of Review

■ When this Court reviews the entry of judgment as a matter of law based on Rule 50(a)(1),[6] it applies the same standard as did the trial justice. *Mills v. State Sales, Inc.,* 824 A.2d 461, 472 (R.I. 2003); *see also Tedesco v. Connors,* 871 A.2d 920, 927 (R.I.2005). The trial justice, and consequently this Court, "considers the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draws from the record all reasonable inferences that support the position of the nonmoving party." *De-Christofaro v. Machala,* 685 A.2d 258, 262 (R.I.1996); *see also Tedesco,* 871 A.2d at 927; *Mills,* 824 A.2d at 472.

■ The trial justice may grant a Rule 50(a)(1) motion if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue * * *." *Id.; see also Hanson v. Singsen,* 898 A.2d 1244, 1248 (R.I.2006); *Mills,* 824 A.2d at 472. However, the trial justice must deny the motion if there are factual issues on which reasonable people may draw different conclusions. *Tedesco,* 871 A.2d at 927; *Mills,* 824 A.2d at 472.

## Analysis

■ The plaintiff alleged that defendant was cloaked with liability by reason of §§ 31–33–6 and 31–33–7.[7] In our opinion, the controlling issue in the present appeal is whether plaintiff introduced prima facie evidence of consent pursuant to § 31–33–7, and, if so, whether defendant provided *any* evidence to contradict it. Because the automobile operated by Vaiciulis was registered in defendant's name at the time of the accident, and defendant failed to provide any evidence to contradict consent, we hold that the trial justice properly granted plaintiff's Rule 50 motion.

In *Kernan v. Webb,* 50 R.I. 394, 148 A. 186 (1929), the defendant allowed a friend to drive his automobile. The friend then was involved in a nighttime accident. *Id.* at 396, 148 A. at 187. Even though the defendant admitted that he allowed the driver to use his car, he nonetheless maintained that he allowed her to use it only in Massachusetts, within fifty miles of Boston, and never at night. *Id.* We held that the friend was the defendant's agent under the statute despite the claimed limits on his consent and, therefore, the defendant was liable for the driver's negligence. *Id.* We said:

"The foundation of this statutory liability of the owner is the permission given to another to use an instrumentality which, if improperly used, is a danger and a menace to the public. The owner

5. An amicus curiae brief, for which we are grateful, has been submitted by the Rhode Island Association for Justice, formerly the Rhode Island Trial Lawyers Association, advocating that we affirm the Superior Court's decision.

6. The 1995 revision of the Superior Court Rules of Civil Procedure abandons former Rule 50's "directed verdict" nomenclature in favor of the term "judgment as a matter of law." However, this name change does not affect the applicable standard of review. *Raimbeault v. Takeuchi Mfg. (U.S.), Ltd.,* 772 A.2d 1056, 1062 (R.I.2001).

7. Because the various amendments to P.L. 1929, ch. 1429, § 10, which preceded §§ 31–33–6 and 31–33–7, contain language concerning an owner's vicarious liability and proof of consent that is virtually identical to the language in the present statutes, we do not distinguish among the various statutes throughout this opinion.

can avoid this liability by refusing to permit the use of his automobile by another. If he does permit such use, he cannot avoid the consequences of the operator's negligence and escape liability therefor by secret restrictions of the right to use the motor vehicle." *Id.* at 398–99, 148 A. at 188.

Similarly, in *Baker,* 72 R.I. at 263–64, 50 A.2d at 619, a defendant owner admitted to providing consent to its employee to use a company truck, but contended that an accident involving the employee occurred while he drove the company vehicle both after working hours and at variance with the normal business route. Nevertheless, we held that the owner's defense was insufficient as a matter of law to establish that the operator was not driving the defendant's truck with consent at the time of the accident. *Id.* at 268, 50 A.2d at 621. Significantly, our holding was, in part, based on the recognized legislative intent behind the statute:

> "Any construction of the statute that would allow the employer, as in the instant case, to show that the initial consent was limited to the normal working time of his servant and confined to the normal route over which the truck would customarily be operated in the course of the operator's employment, would have the effect of restoring certain common-law defenses which the statute was designed to abrogate." *Id.*

Finally, in *F.D. McKendall Lumber Co.,* the defendant's consent to her son to use her automobile was undisputed. The controversy was spawned when the son allowed his friend to drive the vehicle, and an accident occurred with the friend behind the wheel. *F.D. McKendall Lumber Co.,* 85 R.I. at 93–94, 126 A.2d at 560–61. The owner's defense to a lawsuit brought against her was that she had not consented to the friend's use of the car. *Id.* at 94,

126 A.2d at 561. We held that such a "mere deviation" by a child from the scope of permission to operate a car owned by the parent did not vitiate the prima facie evidence of consent. *Id.* at 86, 126 A.2d at 562. Again, we reasoned: "We have refused to construe the statute in such a manner as to allow the owner of a motor vehicle to show that the consent given the employee was limited to his working hours, or to activities normal to his employment." *Id.*

In contrast, we have held that the issue of consent must be evaluated by a jury when a defendant vehicle owner denies giving any consent to operate his motor vehicle, even in the face of the prima facie standard imposed by § 31–33–7. *See Andreoni v. Ainsworth,* 898 A.2d 1240, 1244 (R.I.2006) (holding that a genuine issue of material fact existed regarding consent when the defendant testified that her son did not have permission to use her automobile); *Hill v. Cabral,* 62 R.I. 11, 13, 19, 2 A.2d 482, 483, 485 (1938) (characterizing the issue of consent as a question of fact for the jury where the defendant testified that she had refused to let her son operate the automobile). It is also noteworthy that in *Kent v. Draper Soap Co.,* 75 R.I. 30, 34, 37, 63 A.2d 571, 573, 575 (1949), we affirmed the denial of a directed verdict to the defendant because various witnesses denied giving permission to the driver to use the company truck. Nonetheless, we stated that the defendant would "derive no advantage" from the contention that the driver was using the truck for his own purpose if express or implied consent was found. *Id.* at 37, 63 A.2d at 575.

Here, there is no question that Stagner gave Vaiciulis the keys to the truck and instructed him to drive it on September 27, from the airport to the campground, and back to the airport on September 29. It is beyond dispute that Stagner consented to

Vaiciulis' operation of the vehicle, even though he imposed limitations. But, consistent with our holdings in *Kernan, Baker,* and *McKendall,* we conclude that Stagner's limiting instructions about Vaiciulis' use of the vehicle, after consent, do not free him of liability under § 31–33–6. To hold otherwise would not only contradict settled Rhode Island law, but also would defy the legislative intent that is expressed in the controlling statutes. It is our opinion, therefore, that the trial justice was completely correct when he granted the plaintiff's Rule 50 motion and ordered a new trial on causation and damages after the jury returned its verdict for the defendant.

## Conclusion

We affirm the judgment of the Superior Court, and return the papers in this case thereto.