JOHN S. DAVIS *vs.* GEORGE E. MANCHESTER.

When a written contract is not explicit, and the parties to it have themselves construed it and acted on such construction, and such construction is not unreasonable, the construction will be adopted by the court.
When a written contract is not explicit, parol evidence is admissible to show the intention of the parties to it.

DEFENDANT'S petition for a new trial.

The contract referred to in the following opinion is as follows, the formal parts being omitted : —

" Said Manchester covenants and agrees with said Davis to employ him as his agent and general manager of the business of selling paper, twine, etc., now owned and conducted by said Manchester at the store numbered eleven on Custom House Street, in said city of Providence, for the space of one year from the date of this indenture.

" Said Manchester agrees to pay to said Davis, as compensation for his services as aforesaid, one half of the net profits of said business, from which said one half profits said Davis shall have the right to draw eighteen dollars per week, which shall be deducted from the amount of said one half profits as ascertained and calculated from time to time, and of which a final calculation and settlement shall be had at the termination of said year.

" Said Davis on his part covenants and agrees to and with said Manchester that he will manage said business, for and during the period of one year from the date hereof, to the best of his skill and ability, and that he will devote his whole time and attention to said business, and that he will accept the compensation above mentioned as full payment for his said services.

" Said Davis also covenants and agrees to and with said Manchester that he will permit said business to be carried on in the name and style of ' The Davis Paper Company.' "

Dated April 20, 1885.

*January* 23, 1892. PER CURIAM. By the terms of the contract the defendant agreed to pay the plaintiff, and the plaintiff agreed to receive as full compensation for his services, one half of the net profits, from which the plaintiff was to have the right to draw

eighteen dollars per week, to be deducted from one half of the net profits as ascertained and calculated from time to time, and of which a final calculation and settlement were to be had at the termination of the year. The contract does not provide what shall be done in case there were no net profits. It gives the plaintiff the *right*, however, to draw eighteen dollars per week, and does not expressly require him to refund it in case the business does not result in a profit. The defendant contends that the implication is, that the eighteen dollars a week is to be treated as a loan or advance to the plaintiff, and that he is bound to refund the excess of the sum so drawn over one half of the net profits for the year. But, even if the contract is open to that implication, we think that, as there is no provision in it for the defendant to draw the eighteen dollars a week which the testimony shows he drew, he would not have the right to deduct that amount in ascertaining the net profits of the business for the first year, and, if not, we understand that the business for that year would show a profit instead of a loss.

The contract not being explicit, it is competent to resort to parol evidence for the purpose of ascertaining what was in the minds of the parties. The testimony shows that both the defendant and the plaintiff drew eighteen dollars a week during the year specified in the agreement, and that, during the subsequent years that the business continued, each, at the defendant's suggestion, drew twenty dollars a week instead of the eighteen dollars originally provided, and that these sums were treated by them as part of the expenses of the business in making up the accounts and ascertaining the net profits. This construction put by them upon the contract was not unreasonable. The sums so drawn were doubtless intended for their weekly expenses of living. It would scarcely be supposed that it was contemplated that the money drawn for that purpose and expended should be refunded by the plaintiff, who was without capital; but rather that the defendant, who furnished the capital and had power to discontinue the business if it was not satisfactory, took the risk of its being sufficiently profitable to pay the eighteen dollars per week drawn by the plaintiff.

The provision by which the plaintiff agreed to accept the com-

pensation provided as full payment for his services is not inconsistent with this construction, since it may well mean that the plaintiff, in case there were no profits, was to be content with the eighteen dollars a week drawn by him, and should have no further claim upon the defendant.

In view of the uncertainty in the contract, and of the construction given to it by the parties themselves, we find no error in the ruling of the court complained of, and therefore deny and dismiss the defendant's petition for a new trial.

*Petition dismissed.*

*Edward C. Dubois*, for plaintiff.
*Nathan W. Littlefield*, for defendant.