RALPH SHUSTER *vs.* ANTHONY SION.

NOVEMBER 26, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an action in assumpsit to recover damages for an alleged breach of a contract under the terms of which the defendant undertook to install a heating system in premises owned by the plaintiff. The case was tried by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $550 and costs. The case is before us solely on the defendant's exception to that decision, all other exceptions being expressly waived.

There is no substantial dispute concerning the facts. The plaintiff was the owner of an old building located in the city of Cranston which he was remodeling for use in his business. He entered into a written agreement with defendant, dated January 8, 1951, for the installation of a heating system. The contract provides as follows: "Work is to be done in strict accordance to plans and specifications. All material used is to be first class and the entire job to be done in a neat and substantial manner." After setting forth the price and the terms of payment thereof, it further provides: "At the completion of the heating job, we are responsible for anything that goes wrong a year from date of completion."

The installation of the system was completed in the fall of 1951 and shortly thereafter one of the burners began to operate improperly and to backfire. The plaintiff notified defendant, who made several attempts to adjust the burner, and in the course of this procedure he brought in an engineer who represented the manufacturer of the unit. At the trial in the superior court this engineer testified in behalf of defendant. He stated that he had examined the heating system; that he found no defect in the burner or its installation; and that it was his opinion that the faulty operation of the burner was the result of an insufficient air supply in the boiler room. He further testified that he had recommended the installation of an air duct into the boiler room as a method for correcting the faulty operation of the

burner. Thereafter, on December 12, 1951, there was an explosion within the boiler which caused considerable damage to plaintiff's building.

The defendant contends that the trial justice misconstrued the contract when he held that under it defendant had made warranty of anything other than that the material furnished and the workmanship would be of good quality, and also in effect that defendant had warranted the system would operate satisfactorily for a period of one year after its installation. The defendant argues that his guarantee was limited to conformity with the plans and specifications and the furnishing of first-class material and skilled workmanship. He further contends that there is no evidence in the record which establishes that he did not conform to the specifications furnished or that the burner was defective or its installation faulty. In these circumstances he denies that he made himself liable for anything that went wrong with the system for one year after installation and he contends that it was error for the trial justice to hold him liable for the damage caused by the explosion.

In our opinion this contention is without merit. Assuming without deciding that there was no evidence in the record from which it reasonably could be inferred that the burner was defective, it would still be our opinion that defendant was properly held liable because he made an express and comprehensive warranty that the heating system would give reasonably satisfactory performance for a year after its installation.

It is a well-settled rule that the intent of the parties to a contract is that which is found in the language employed therein. *John F. Davis Co.* v. *Shepard Co.*, 71 R. I. 499. Further, it is well settled that the intent of the parties to a contract in writing must be found from a consideration of the instrument as a whole and not from some detached portion thereof. *Newport Water Works* v. *Taylor*, 34 R. I. 478. The defendant here made two express warranties in the in-

strument under consideration. He agreed in the first place to warrant that he would conform to the specifications and that "All material used is to be first class and the entire job to be done in a neat and substantial manner." He then went on to make a further warranty that he would be responsible "for anything that goes wrong a year from date of completion." Considering that we must find the meaning of these contractual provisions from the instrument as a whole, it is our opinion that defendant not only warranted conformity to the specifications and the materials and the workmanship, but he also guaranteed that the system would give reasonably satisfactory performance for a year after the completion of its installation. Reading the second provision in its relationship to the first, we cannot perceive how any other conclusion can be reached, or that the trial justice erred in so construing the contract.

The case then becomes one which, in our opinion, is subject to our well-established rule that where the parties submit their case on the facts to a trial justice sitting without a jury, his decision is entitled to great weight and should not be set aside unless it is clearly wrong or fails to do substantial justice between the parties. *F. D. McKendall Lumber Co.* v. *Ramieri*, 85 R. I. 92, 126 A.2d 560. We have carefully examined the transcript in the light of this rule, and in view of all the evidence we cannot say that the trial justice was clearly wrong or that his decision did not do substantial justice between the parties.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Fergus J. McOsker,* for plaintiff.

*John DiLibero,* for defendant.