262 A.2d 378.

JOSEPH F. CASSIDY *vs.* SPRINGFIELD LIFE INSURANCE COMPANY, INCORPORATED.

FEBRUARY 23, 1970.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

ROBERTS, C. J. This civil action was brought on a major medical insurance policy issued by the defendant corporation to the plaintiff, who seeks to recover for medical expenses incurred during the illness of his minor son Michael. The matter was heard by a justice of the Superior Court on motions for summary judgment by both the defendant and the plaintiff. After hearing on the motions, the justice on March 19, 1969, denied the plaintiff's motion for summary judgment and granted that of the defendant, and entered judgment accordingly. The plaintiff thereupon prosecuted an appeal from that judgment to this court.

The policy insured plaintiff and his dependents for major medical expenses as provided therein, and it is not disputed that plaintiff's son Michael was covered by the terms of the policy and is an insured thereunder. It is further conceded that the policy was in full force and effect after September 17, 1964, the effective date thereof, and during that period plaintiff incurred medical expenses resulting from the treatment and hospitalization of his son Michael.

The record discloses that on May 8, 1964, it was determined by diagnosis that Michael was suffering from ulcerative colitis and that on May 19, 1964, he was admitted to a hospital. He was discharged therefrom on July 3, 1964, and from then until September 17, 1964, the effective date

of the policy, Michael continued to receive treatment from time to time from duly licensed physicians. This treatment and further hospitalization continued after the effective date of the policy until October 21, 1966.

The plaintiff seeks to be reimbursed only for expenditures made in providing treatment and hospitalization for his son Michael after the effective date of the policy, September 17, 1964. That Michael had been ill for some time prior to the effective date of the policy and that the illness continued thereafter is not disputed. The plaintiff argues, however, that the expenses incurred for treatment and hospitalization after the effective date of the policy were "Eligible Expenses" incurred during a "Period of Treatment" as defined in the policy and are, therefore, payable under sec. 2 of the policy.

The insuring clause in the policy, sec. 2, provides: "Upon receipt by the Company of notice and satisfactory proof that any insured person or dependent has incurred Eligible Expenses during a Period of Treatment commencing while the insured person or dependent is insured for Composite Major Medical Expense Benefits under this contract, the Company will * * * pay the insured person benefits on account of such Eligible Expenses * * *." It is clear from the above-quoted provisions of the policy that defendant basically has agreed to pay to a person insured under the policy the "Eligible Expenses" incurred by him during a "Period of Treatment" which begins while the insured person is within the coverage of the policy. In our opinion, the meaning of sec. 2 of the policy is clear and unambiguous.

The policy in sec. 6 defines "Eligible Expenses" as follows: "Eligible Expenses shall include the usual and customary charges incurred for necessary services and supplies of the following types which are performed or prescribed by a licensed physician or surgeon * * *." Section 6 further provides that "Eligible Expenses shall not include * * *

(2) any charges which are set forth in Section 9 of these Composite Major Medical Expense Provisions." "Period of Treatment" is defined in sec. 7 of the policy as follows: "A Period of Treatment means that period of time during which the insured person or dependent, as a result of one sickness or one accidental injury or as a result of two or more concurrent sicknesses or accidental injuries, is incurring Eligible Expenses."

The defendant denies any liability to pay plaintiff's claim, resting on the argument that the provisions of sec. 9 which are referred to expressly in sec. 6 bar liability under the insuring clause for "Eligible Expenses" incurred during a "Period of Treatment" after the effective date of the policy when treatment for the injury or illness began prior to the effective date and continued thereafter into the period when the policy was in effect. Section 9 provides: "No payment will be made under these Composite Major Medical Expense Provisions for: A. expenses incurred during any Period of Treatment commencing prior to the date on which the insured person or dependent becomes insured for Composite Major Medical Expense Benefits under this contract, or * * *."

In so arguing, defendant concedes that plaintiff is basing his entitlement to recovery in this case on his contention that under the contract a "Period of Treatment" cannot commence until "Eligible Expenses" have been incurred. This contention, it is argued by defendant, would make meaningless the provisions of sec. 9, for, if under the provisions of the contract a "Period of Treatment" cannot commence prior to the effective date thereof, then sec. 9 would be without purpose.

It is our opinion, however, that, when the language contained in sec. 9 is read in its plain, ordinary, and usual sense, as we require, *Nagy* v. *Lumbermens Mutual Casualty Co.*, 100 R. I. 734, 219 A.2d 396, it was intended clearly that ex-

penses incurred for treatment of an injury or illness prior to the time that coverage of the policy became effective are not "Eligible Expenses" rendered during a "Period of Treatment" as contemplated in the insurance clause of the contract, sec. 2. In so concluding, we attach considerable significance to the fact that sec. 9, in providing for exclusion from the coverage of sec. 2 of expenses incurred prior to the effective date of that coverage, uses the term "expenses" and not "Eligible Expenses."

We conclude, then, that sec. 9, when read for the purpose of giving effect to all of the provisions of the contract, *Shuster* v. *Sion*, 86 R. I. 431, 136 A.2d 611, operates so as to relieve the insurer from liability only for such expenses as were incurred prior to the effective date of the policy and that it was not intended to prevent the commencement of a "Period of Treatment" thereafter when "Eligible Expenses" are incurred as contemplated in sec. 2. What defendant is asking, in effect, is that we read into sec. 9 an exclusion of the commencement of a "Period of Treatment" for any injury or illness incurred prior to the effective date of the policy. This we will not do because it would be importing ambiguity into the contract. We concur, then, in the conclusion of the trial justice that the provisions of sec. 9 are not ambiguous, but we cannot agree with his conclusion that the effect of sec. 9 is to bar plaintiff's right to incur "Eligible Expenses" after the effective date of the policy which would begin a "Period of Treatment" even though the illness or injury predated the coverage of the policy.

It is settled that, where a contract is clear and unambiguous, the meaning of its terms constitutes a question of law for the court, and it is only when ambiguity exists that construction of the terms becomes one of fact. *Russolino* v. *A. F. Rotelli & Sons, Inc.*, 85 R. I. 160, 128 A.2d 337. It was for the trial justice, then, to decide as a question of law whether the plaintiff was entitled to be reimbursed for the

"Eligible Expenses" incurred for the care and treatment of his son after the effective date of the policy. It is our conclusion that he erred in interpreting the pertinent provision of the policy so as to bar such reimbursement. In other words, it is our conclusion that there was no substantial question of fact to be tried and that as a matter of law the plaintiff was entitled to summary judgment in the premises.

The appeal of the plaintiff is sustained, the judgment is reversed, and the cause is remanded to the Superior Court for entry of summary judgment for the plaintiff.

POWERS, J., did not participate.

*Norman L. Grant,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, William P. Thornton, Jr.,* for defendant.