**359 A.2d 350.**

LAURENCE G. O'CONNOR *vs.* HARRY F. McKANNA, JR. *et al.*

JULY 9, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an appeal by the plaintiff from a summary judgment entered in the Superior Court in favor of the defendants, Harry F. McKanna, Jr., Josephine A. Barber and John J. Keenan, individually, and as members of the School Committee of the Town of West Warwick, in a case involving an alleged breach of an employment contract.

The plaintiff is the former Superintendent of Schools of the Town of West Warwick. On May 25, 1971, plaintiff and defendant school committee executed an employment contract for a term of 2 years commencing July 1, 1971, in consideration of a salary of $21,000 per year plus other benefits. The renewal clause of the contract provided:

> "That failure to notify the Superintendent in writing, no later than sixty (60) days of the contract, of the Board's intent not to renew the contract will automatically result in an extension of the existing contract."

The plaintiff commenced employment as provided in the contract on July 1, 1971, and on February 27, 1973, defendant school committee notified plaintiff by letter that pursuant to the renewal clause his contract of employment would terminate on June 30, 1973.

On March 14, 1973, plaintiff sent the following letter to the school committee:

> "I request hereby a total pay off for my services in this school district as of the end of March. This re-

quest is based upon thirty (30) days of sick leave and two (2) months of vacation not taken."

The defendant school committee placed the letter on the agenda for its March 27, 1973 meeting. At that meeting plaintiff stated that he wanted the letter to be properly interpreted by defendant school committee. He said:

"I am requesting a total pay off. A pay off for two (2) years and three (3) months. So I want to enter in the minutes that this is a total pay off that I will contend is mine."

The defendant school committee authorized a "total pay off" in accordance with plaintiff's March 14, 1973 letter and further resolved that in order to accommodate plaintiff's request, he was relieved, effective immediately, of his duties as superintendent. The defendant school committee did not discuss the issue of whether plaintiff was entitled to a "total pay off" for 3 months or for 2 years and 3 months.

On February 12, 1974, plaintiff commenced the instant action by filing a complaint in the Superior Court for Kent County. He alleged therein that the renewal clause of the contract provided that notice of termination had to be given "no later than sixty (60) days of the contract," that no such notice was provided, that, therefore, plaintiff's contract was automatically renewed for 2 years and that, therefore, his "total pay off" should include compensation for those 2 years.

The defendant school committee filed its answer on March 19, 1974, and amended it on September 20, 1974 whereby it denied that it had breached the employment contract.

On May 29, 1974, defendant school committee filed a motion for summary judgment on the ground that the only issue was one of law, namely, the interpretation of the termination clause of the May 25, 1971 employment

contract, and that plaintiff's claim that the clause required notice no later than 60 days of execution of the contract was inherently unreasonable and incorrect as a matter of law. Affidavits of defendants, Barber and Keenan, were attached to the motion for summary judgment.

On September 5, 1974, plaintiff filed a counteraffidavit in opposition to defendant school committee's motion for summary judgment stating that he had notes of all contract negotiations conducted with defendant school committee. These notes, as set forth in plaintiff's affidavit, reveal that plaintiff was insisting on a 4-or 5-year contract but that the school committee persisted in its preference for a 2-year contract. It appears that before agreement was reached, plaintiff had prepared model superintendent's contracts at defendants' request. The affidavit states that the 2-year provision with the renewal clause calling for notice of termination "no later than sixty (60) days of the contract" was a compromise, that the final wording of the actual contract was dictated by the school committee to plaintiff and that plaintiff prepared the final draft of the employment contract himself. It is also suggested that defendants' motive in wanting to review the possible renewal of the contract within 60 days of the execution thereof was to afford defendants time in which to evaluate plaintiff's contention that he would require at least 4 years to complete the job he was being hired to perform.

By stipulation, the trial justice decided defendants' motion for summary judgment without reference to defendants' affidavits. Relying solely on the facts as presented in plaintiff's counteraffidavit, he rendered a written decision on the motion on November 14, 1974. Citing *Cassidy* v. *Springfield Life Ins. Co.*, 106 R. I. 615, 262 A.2d 378 (1970), he stated that the universal rule in contracts is that interpretation of an unambiguous contract is a matter of law and that the interpretation of an am-

biguous contract is a matter of fact. While he could not as a matter of law rule that the phrase "no later than sixty (60) days of the contract" was not ambiguous and that it referred to the termination date of the contract, the trial justice concluded that plaintiff's construction did violence to the language used and transformed words of exclusion into words of inclusion and that only by interpreting the language used as referring to the date of termination of the contract could the phrase used be given its ordinary and regular meaning.

Noting that he had reviewed the pleadings, plaintiff's answer to defendants' interrogatories, plaintiff's affidavit in opposition to defendants' motion for summary judgment, and various exhibits and memoranda, the trial justice concluded that the phrase "no later than sixty (60) days of the contract" would, in the ordinary, usual and reasonable contract, require measurement back from the termination date of the contract and not from the execution or effective date of the contract. Giving full credence to the facts as alleged by plaintiff, he noted further that no single fact or combination of facts included in the pleadings or recited by plaintiff support plaintiff's contention that the parties intended an unusual construction of the renewal clause.

The trial justice stated that he preferred an interpretation of the contract which would give a reasonable, lawful, and effective meaning to all manifestations of intention, rather than one which provides an unreasonable or unlawful interpretation. *Hill* v. *M. S. Alper & Son*, 106 R. I. 38, 256 A.2d 10 (1969). In brief, he found that the only reasonable interpretation of the renewal clause was that the 60 days referred to the period immediately preceeding the expiration date of the contract.

Accordingly, the trial justice held that since defendant school committee had given its notice of intention not

to renew more than 60 days prior to the termination date of the contract, it had not breached its contract with plaintiff. He also found that, on the basis of the pleadings, none of the individual defendants had breached any other duty owed to plaintiff. Having found that there was no genuine issue as to any material fact and that defendants were, as a matter of law, entitled to a judgment in their favor, he granted defendants' motion for summary judgment.

The narrow issue raised by this appeal is whether the trial justice erred in finding no genuine issue of material fact and ruling as a matter of law that the only reasonable interpretation of the renewal clause was that the 60 days referred to a period prior to the expiration of the contract.

The plaintiff argues in substance that the phrase "no later than sixty (60) days of the contract" is ambiguous and that the ambiguity of that phrase together with the conflicting allegations in the affidavits as to the intention of the parties create an issue of material fact which cannot be disposed of by summary judgment.

The defendants, on the contrary, argue that on the basis of the facts alleged in the pleadings and in the affidavits and answers to interrogatories concerning the negotiations that took place between the parties, and in accordance with the rules of construction, the only reasonable interpretation is that the parties intended the clause to mean "60 days before termination." Citing *Trustees of the Sheppard & Enoch Pratt Hosp.* v. *Smith,* 114 R.I. 181, 183, 330 A.2d 804, 805 (1975), defendants further argue that a litigant who opposes a motion for summary judgment must establish the existence of a dispute as to the existence of a "material fact" and that in the case at bar plaintiff has failed to establish a dispute as to any material fact and, therefore, the judgment below must be affirmed.

Before passing on the merits of the opposing contentions, we discuss briefly the rules governing motions for summary judgment. Super. R. Civ. P. 56(c) states, in pertinent part, that:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law."

In ruling on a motion for summary judgment the trial justice must consider affidavits and pleadings in the light most favorable to the opposing party, and only when it appears that no genuine issue of material fact is asserted can summary judgment be ordered. *Marandola* v. *Hillcrest Builders, Inc.*, 102 R. I. 46, 227 A.2d 785 (1967). And, as Professor Kent states in 1 Kent, *R. I. Civ. Prac.*, §56.4 at 418-19 (1969), Rule 56 does not sanction "trial by affidavits." *Poller* v. *Columbia Broadcasting Sys., Inc.*, 368 U. S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (1962). This only means, he states, that in passing upon a motion under this rule the court will not resolve issues posed by competing affidavits. As this court pointed out in *Slefkin* v. *Tarkomian*, 103 R. I. 495, 496, 238 A.2d 742, 742 (1968), in passing on a motion for summary judgment, the question for the trial justice is whether there is a genuine issue as to any material fact and not how that issue should be determined. The purpose of summary judgment procedure is issue finding and not issue determination. Reference is made to *Berick* v. *Curran*, 55 R. I. 193, 197, 179 A. 708, 710 (1935), where the court said "[w]here a motion for summary judgment is proper, the court is not authorized to try the issue, but is to determine whether there is an issue to be tried."

With these rules in mind, we address ourselves to the case at bar. In *Cassidy* v. *Springfield Life Ins. Co., supra*

at 619, 262 A.2d at 380, this court held that where a contract is clear and unambiguous, the meaning of its terms constitutes a question of law for the court, and it is only when ambiguity exists that construction of its terms becomes one of fact. In the case at bar the trial justice said that he could not as a matter of law rule that the phrase "no later than sixty (60) days of the contract" was not ambiguous and that it referred to the termination date of the contract. Presumably this ruling means that the trial justice felt that the clause was ambiguous and his decision shows that he treated the clause as ambiguous. Under *Cassidy,* the ambiguity created a question of fact. Thus, the issue of law presented in the case at bar is whether summary judgment is proper when the case involves an ambiguous contract.

The federal courts have directly addressed this issue and refuse summary judgment when the contract is ambiguous. 10 Wright & Miller, *Federal Practice and Procedure, Civil:* §2730 at 584-87 (1973). Those courts have held that the intent of the parties to an ambiguous contract is a question of fact which cannot be properly resolved by summary judgment, *Cram v. Sun Ins. Office, Ltd.,* 375 F.2d 670, 674 (4th Cir. 1967), and that for the purposes of summary judgment the fact that the moving party's interpretation of a contract seems to be the correct one is not relevant, and the moving party is entitled to summary judgment only if, within the realm of reason, its interpretation is the only possible one. *Eckhart v. Plastic Film Corp.,* 129 F. Supp. 277, 281 (D. Conn. 1955). If a jury could reasonably adopt the opposing party's version as to what was said and done and intended by the parties, summary judgment must be denied. *Id.* at 281.

This court has not expressly stated that summary judgment should be denied when a contract is ambiguous but

we have consistently held that summary judgment is a drastic remedy and should only be applied when there is no genuine issue of material fact. *Ladouceur* v. *Prudential Ins. Co.*, 111 R. I. 370, 374, 302 A.2d 801, 803 (1973). In the case at bar, plaintiff's affidavit describes negotiations which tend to show that his interpretation of the renewal clause was bargained for. The defendants deny the substance of these negotiations. This constitutes a disputed issue of fact as to the intent of the parties, namely, whether plaintiff's interpretation of the renewal clause was bargained for during contract negotiations and whether that interpretation became a basis for the contract executed by the parties on May 25, 1971. Thus, since plaintiff's affidavit establishes the existence of a genuine issue as to a material fact, the motion for summary judgment must be denied. *See id.*

The trial justice, having found the existence of a genuine issue of fact as to a material issue, namely, the intent of the parties, proceeded to decide that issue. In so doing he erred, because when a trial justice finds a genuine issue of fact, it is not his function to decide that issue. His function is limited to ascertaining the existence of such an issue and, if it is found, the motion for summary judgment must be denied. As we have said so many times, the purpose of summary judgment procedure is issue finding and not issue determination.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

*Robert R. Afflick,* for plaintiff.

*Edwin H. Hastings, Tillinghast, Collins & Graham,* for defendants.