Laurence G. O'CONNOR

v.

Harry F. McKANNA, Jr. et al.

No. 78–71–Appeal.

Supreme Court of Rhode Island.

June 30, 1980.

Robert R. Afflick, West Warwick, William A. Gosz, Providence, for plaintiff.

Tillinghast, Collins & Graham, Edwin H. Hastings, Providence, for defendants.

ORDER

This is a contract dispute in which the plaintiff, a former superintendent of the West Warwick schools, has sued the defendants individually and as members of the municipality's school committee seeking both compensatory and punitive damages for an alleged malicious and intentional breach of his contract of employment.

When this controversy was first before us on plaintiff's appeal from the grant of defendants' motion for summary judgment, we vacated the grant on the grounds that the renewal clause of the employment contract was ambiguous and thus presented a question of fact. *O'Connor v. McKanna*, 116 R.I. 627, 359 A.2d 350 (1976). After remand, the case came on to be heard as to its factual aspects and, after an extended hearing, the trial justice dismissed the complaint for a variety of reasons, but at no time did he address the ambiguity referred to by us in our consideration of the grant of summary judgment.

In our opinion, this failure to consider what may be a crucial issue warrants a remand. Accordingly, the case is remanded to the Superior Court so that the trial justice may give us the benefit of his findings as to what the parties intended when they included the renewal clause, which reads:

> "That failure to notify the Superintendent in writing, no later than sixty (60) days of the contract, of the Board's intent not to renew the contract will automatically result in an extension of the existing contract."

Jurisdiction of the within appeal is retained; the record is remanded to the Superior Court so that the trial justice may comply with the dictates of this order; and, after compliance, the records shall be returned forthwith to this court.

BEVILACQUA, J., did not participate.