Doreen M. LENNON

v.

Linda MacGREGOR et al.

No. 78–369–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1980.

Norbert Fessel, Providence, for plaintiffs.

Roberts, Carroll, Feldstein & Tucker, Bruce G. Tucker, Providence, for Linda MacGregor and Edwin R. MacGregor, for defendants.

## OPINION

WEISBERGER, Justice.

This case is before us on appeal brought by Doreen Lennon (plaintiff), from a grant of summary judgment in favor of Linda and Edwin MacGregor (defendants) by a justice of the Superior Court. The plaintiff argues that the personal injury release, upon which summary judgment was predicated, contained an ambiguity concerning whom the parties intended to release. Therefore, she contends a genuine issue of material fact existed in regard to the scope of the release, thus precluding summary judgment. We agree.

The plaintiff was a passenger on a motorcycle driven by Thomas S. Ey on April 11, 1975, when it was in a collision with an automobile driven by Linda MacGregor and owned by Edwin MacGregor. The plaintiff sustained serious injuries as a result of this accident, the treatment of which required prolonged hospitalization, extensive corrective surgery, and comprehensive physical therapy. During plaintiff's recuperation, her parents retained counsel to pursue actions on behalf of both Doreen and themselves.

Their attorney entered into separate settlement negotiations with a representative

of Public Service Mutual Insurance Company (P.S.M.I. Co.), the carrier of coverage on the Ey motorcycle, and a claim representative of Aetna Casualty and Life Insurance Company (Aetna), the carrier of coverage on the MacGregor vehicle. Negotiation with the representative of P.S.M.I. Co. proved successful. Thomas Ey's insurer, P.S.M.I. Co., offered to pay policy limits in the amount of $20,000 to plaintiff. Upon proof of the policy limits, plaintiff accepted the $20,000 payment and executed a document entitled "Joint Tortfeasor Release," the first paragraph of which purportedly released "THOMAS S. EY and all other persons, firms or corporations from all claims * * *."

Subsequently, the negotiations with Aetna proved fruitless, and plaintiff commenced suit against the MacGregors. The MacGregors filed a third–party complaint against Thomas S. Ey, the driver of the motorcycle. Mr. Ey produced the release obtained on his behalf by his insurance carrier as a bar to the suit. The MacGregors, upon becoming aware of the release, moved for summary judgment, arguing that the "Joint Tortfeasor Release," heretofore unknown to them, in fact released them from liability, as well as the specifically named party, Thomas S. Ey.

The plaintiff's attorney objected to the motion, arguing that the release was ambiguous and therefore the intent of the parties must be ascertained by extrinsic evidence. Counsel submitted his affidavit to the trial court in which he stated that the parties to the release and their representatives intended to extinguish only the liability of Thomas S. Ey.

█ The trial justice granted the motion for summary judgment in favor of defendants and in so doing, he ruled, inferentially, that the release was unambiguous as a matter of law. See O'Connor v. McKanna, 116 R.I. 627, 633, 359 A.2d 350, 353 (1976); Cassidy v. Springfield Life Ins. Co., 106 R.I. 615, 619, 262 A.2d 378, 380 (1970). It is our task on appeal, as it was the task of the trial justice, to determine whether a genuine issue of fact exists.[1] Westinghouse Broadcasting Co. v. Dial Media, Inc., R.I., 410 A.2d 986, 990 (1980); O'Connor v. McKanna, 116 R.I. at 633, 359 A.2d at 353.

Superior Court Rule of Civil Procedure 56(c) governs the availability of summary judgment. It provides in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admis-

---

1. In *Julian v. Zayre Corp.*, R.I., 388 A.2d 813 (1978), in construing a somewhat similar release, we noted:

"The plaintiffs conceded at oral argument that the general release clause in the agreement discharged the liability of all persons and corporations. Thus there is no issue before us as to whether such general clauses are valid to release unnamed persons who are not parties to the release and indemnity agreement." *Id.* 388 A.2d at 815.

Thus, we did not specifically address in that case, as we do not address in this case, the troublesome question of whether, without more, a release of "all persons, firms and corporations" is effective to release unnamed third persons not parties to the release. In the case at bar the issue is not squarely raised and neither party has briefed and argued the point. Such a release and its effect upon nonparticipating joint tortfeasors was characterized by Justice Musmanno of the Supreme Court of Pennsylvania in a dissenting opinion in the following colorful terms:

"It [the unnamed tortfeasor] seeks to take advantage of some stray words in the release which have no more relation to the defendant than the hieroglyphics on some prehistoric sarcophagus buried in the subterranean depths of Egypt.

"It is not claimed by anyone that the [joint tortfeasor] has done one single thing which entitles it to be released from a responsibility which attaches to every other vehicle owner involved in a serious accident. In spite of all this the [joint tortfeasor], by its superficial appraisement of certain words in the agreement, by a failure to look beneath the moth–eaten phrases of that stereotyped form so as to ascertain the true intention of the parties, by a determination to take the advantage of the syllable and not the spirit, by letter and not by law, is now on the way to coming into a windfall * * *." *Hasselrode v. Gnagey*, 404 Pa. 549, 556, 172 A.2d 764, 767 (1961). Thus, if the issue were squarely raised, it would be necessary for us to consider whether summary judgment is an appropriate vehicle for the determination of the effect of such a release.

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law."

We summarized the holdings of earlier cases concerning the requisite analysis when considering a motion for summary judgment in *Westinghouse Broadcasting Co. v. Dial Media, Inc.*, R.I., 410 A.2d 986 (1980) as follows:

"[W]hen ruling on a motion for summary judgment, the court may not pass on the weight or credibility of evidence. *Palazzo v. Big G Supermarkets, Inc.*, 110 R.I. 242, 245, 292 A.2d 235, 237 (1972), but must consider affidavits and pleadings in the light most favorable to the party opposing the motion, *Marandola v. Hillcrest Builders, Inc.*, 102 R.I. 46, 49, 227 A.2d 785, 787–88 (1967)." *Id.* 410 A.2d at 990.

On appeal, we focus review upon issue finding. If we discern a genuine issue of material fact, we have no alternative but to reverse the order granting summary judgment. *O'Connor v. McKanna, supra.*

A release in a personal injury case is a contract, *Julian v. Zayre Corp.*, R.I., 388 A.2d 813, 815 (1978). Whereas the construction of a clear and unambiguous contract presents an issue of law which may be resolved by summary judgment, *Cassidy v. Springfield Life Ins. Co., supra*, an ambiguous contract may not properly be resolved on summary judgment, *O'Connor v. McKanna, supra*. This court has held that when a written agreement is ambiguous, the intent of the parties who executed it must be ascertained by extrinsic evidence. *Waterman v. Waterman*, 93 R.I. 344, 175 A.2d 291 (1961); *Davis v. Manchester*, 17 R.I. 577, 23 A. 1016 (1892). When the pleadings, discovery materials and affidavits indicate a dispute as to intent, then a genuine issue of material fact exists, which cannot be resolved upon a motion for summary judgment.

The plaintiff argues that the "Joint Tortfeasor Release" that she executed and gave to Thomas S. Ey is ambiguous regarding whether the parties to the release intended that the MacGregors be released from liability also. When the language of a release is "clearly susceptible to more than one interpretation," the contract is rendered ambiguous, *Fryzel v. Domestic Credit Corp.*, R.I., 385 A.2d 663, 667 (1978). The instrument in this case purported to release

"THOMAS S. EY and all other persons, firms or corporations from all claims * * on account of damage * * * resulting, or to result from an accident to me * * * on or about the 11th day of April, 1975 * *."

The second paragraph of the instrument contained a covenant of indemnification:

"In further consideration of the amount above stated I do hereby bind, myself, my heirs, executors, administrators and assigns to indemnify and hold harmless the said THOMAS S. EY from any loss the said THOMAS S. EY may be obliged to pay in the future in reference to the above–mentioned accident."

These two provisions are in apparent conflict and give rise to different interpretations. To be sure, one interpretation is that the parties to the release intended to release all persons from liability to Doreen Lennon. Another construction is that Thomas Ey, on whose behalf the instrument was negotiated and the settlement was made, was the only person the parties intended to release. Under the latter construction the indemnification clause would be included to protect Thomas Ey and his insurer from the obligation to contribute to joint tortfeasors in the event of recovery from the MacGregors.[2]

Demonstrably, more than one interpretation of these two elements of the agreement is possible. Thus, an ambiguity is created which can only be resolved by a

2. General Laws 1956 (1969 Reenactment) § 10–6 3, establishes the right of contribution among joint tortfeasors.

trier of fact. On summary judgment the task of the court is the finding of an issue of fact, not the resolution of an issue of fact. *Slefkin v. Tarkomian*, 103 R.I. 495, 496, 238 A.2d 742, 742 (1968). Thus the trial justice erred in granting the motion for summary judgment.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.