[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on separate motions by both parties for summary judgment pursuant to Sup. Ct. R. Civ. P. 56.
The facts are as follows. On September 20, 1977, plaintiffs Norman and Jean DeLuca granted defendant Mary E. Bynum the option of purchasing certain property in Scituate, Rhode Island. The subject parcel, identified as Lot 60 of Assessor's Plat #45, consists of approximately 11,739 acres. The agreed-upon price for the parcel was $10.00 plus 79% of the taxes payable on the land from 1978 to the date the option was exercised.
Although the agreement was to expire on September 19, 1987, a clause in the agreement allowed for the extension of the contract beyond such date. The extension was permissible "so long as the Holder exercising this right of purchase shall continually, actively and aggressively pursue any necessary application for the lawful acquisition of Parcel B. . . ." (Agreement Clause 2E).
In June, 1986, the defendant, as required by the agreement, recorded the exercise of the option in the Town of Scituate's Land Evidence Records and subsequently provided the plaintiffs with notice. On September 14, 1987, the day before the agreement was to expire, the defendant again recorded the exercise of this option in Scituate's Land Evidence Records and gave the plaintiffs notice. The defendant in March, 1989, one and one-half years after the option would ordinarily have expired, once again recorded the right to the option.
On April 7, 1989, the plaintiffs filed a complaint against the defendant. Count I seeks judgment declaring that defendant's option under the agreement has expired and that defendant has no legal capacity to compel a conveyance by plaintiffs. Under Count II, the plaintiffs allege that the defendant maliciously clouded title to the property whereby plaintiffs seek compensatory monetary damages plus costs. On April 27, 1991, the defendant filed her answer along with two counterclaims against the plaintiffs for breach of contract and unjust enrichment. Both parties now have separate motions for summary judgment before this Court.
Rule 56(c) of the Superior Court Rules of Civil Procedure empower a trial justice, upon proper motion, to enter summary judgment in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." "When determining whether any genuine issue of material fact exists, the trial justice . . . views the pleadings, affidavits, and other relevant documents in the light most favorable to the opposing party."Mullins v. Federal Dairy Co., 568 A.2d 759, 761 (R.I. 1990). However, because summary judgment is an extreme remedy, it must be applied cautiously. Trend, 577 A.2d at 988; Mullins, 568 A.2d at 761.
This Court finds that both the plaintiffs and defendant raise genuine issues of material fact. Paragraph 1E of the real estate agreement provides that "[u]pon the giving of notice of exercise of the option this agreement shall continue indefinitely in full force and effect, even beyond the 19th day of September, 1987, so long as the holder exercising this right of purchase shall continually, actively and aggressively pursue any necessary application for the lawful acquisition of Parcel B. . . ."
Paragraph 1F further provides:
 If any legal process must be commenced in order for the Holder to acquire lawful title to Parcel B, such process must be commenced within sixty (60) days of the date of sending the notice of exercise of this option by said Holder; otherwise, the notice of intent to exercise this option shall terminate as to that particular date and must be exercised anew. . . .
The plaintiffs argue that because the defendant has not continually and aggressively pursued the necessary application for the parcel, the agreement has expired. The plaintiffs claim that before Lot 60 could be lawfully subdivided the defendant was required to install a road. However, the defendant by the plaintiffs' account never undertook any concrete steps to install such a road. Therefore, plaintiffs further argue that the defendant's failure to comply with paragraph 1F of the agreement terminated the legal effect of the attempted exercise of the option.
The defendant argues that from the inception of the real estate agreement, she hired three different attorneys in an attempt to regain title to Parcel B. Thus, the defendant contends she "continually, actively and aggressively pursued" title to the property. The defendant also disputes the requirement that a road needed to be built before a subdivision could be lawfully granted. The defendant argues that because an easement existed over part of Parcel A, she could subdivide the parcel without installing a road. Further, the defendant contends that the true intention of the contract was that she remain the true owner of Parcel B.
Summary judgment is not proper when a case involves an ambiguous contract because the ambiguity creates a question of fact. Cassidy v. Springfield Life Insurance Company,106 R.I. 615, 619, 262 A.2d 378, 380 (1970); see also, O'Connor v.McKanna, 116 R.I. 627, 634, 359 A.2d 350, 353 (1976). "A contract is ambiguous if, in light of our rules of contract interpretation, it is reasonably susceptible of different constructions." Westinghouse Broadcasting Co. v. Dial Media,Inc., 122 R.I. 571, 582, 410 A.2d 986, 991 (1980). In the case at bar, it is clear that both parties possess different interpretations of the phrase "continually, actively and aggressively pursue any necessary application for the lawful acquisition of Parcel B." This Court finds that the real estate agreement is reasonably suspectible of different constructions and is therefore ambiguous. It is well settled that when ambiguity exists the "construction of the terms becomes one of fact." Cassidy, 106 R.I. at 619, 262 A.2d at 380.
This Court has considered the arguments of counsel. It has reviewed the trial discovery responses contained in the file and after due consideration, the Court finds that there remain material issues of fact to be resolved: namely whether the defendant "continually, actively, and aggressively pursued the necessary application for the parcel" pursuant to paragraph 1E of the real estate agreement and by so doing could still exercise the option to purchase such real estate.
Accordingly, the motions for summary judgment are denied. Counsel shall prepare the appropriate judgment for entry.