[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on defendant's motion to dismiss the complaint and its motion for summary judgment on its counterclaim. Plaintiffs aver they own certain Portsmouth real estate and that after acquiring title, they discovered the defendant had previously installed a water pipe which ran through the middle of their property. Because of the location of the pipe, they aver they are unable to build a house on a lot. Further averring that defendants have no easement or other right to install the pipe on their property, they seek, in the first count, declaratory judgment that the pipe constitutes an unlawful trespass, and that defendant be enjoined from continuing the trespass and ordered to remove or relocated the pipe. Count II avers depreciation of value of the lot and seeks damages. Defendant's amended answer denies the material averments of the complaints, raises "DEFENSES" and counterclaims for judgment declaring defendant has an easement as regards the pipe, that it be declared the owner of part of the property, by reason of adverse possession, or in the alternative, that it has a prescriptive easement, or again in the alternative, an easement by reason of acquiescence by plaintiffs and their predecessors in title. Defendant further seeks declaration that it has an easement by implication, consistent with its rights as a utility to maintain the pipe for the benefit of the public water system, and finally, a declaration that it has a quasi easement by implication.
The Court has reviewed the file, examined defendant's memorandum with its attachments, including affidavits, and plaintiffs' objection, their memorandum and their affidavit.
Because the Court goes beyond the pleadings, it treats defendant's motion to dismiss as one for summary judgment. Ewingv. Frank, 103 R.I. 96. And, in summary judgment, the Court is required to consider affidavits and pleadings in the light most favorable to the party opposing the motion. Lennon v.MacGregor, 423 A.2d 820 (R.I. 1980).
Here, defendant's affidavits read fairly persuasively. Plaintiffs' affidavit, however, raises issues of material fact, and the Court is not satisfied that it is "clear beyond a reasonable doubt that the plaintiff could not conceivably prove facts which would qualify him for judicial relief." WarrenEducation Association v. Lapan, 103 R.I. 163. In summary judgment, the Court does not resolve issues posed by competing affidavits. O'Connor v. McKanna, 116 R.I. 627 at 633. Defendant's motions should be and they hereby are denied. Plaintiffs will submit order forthwith.