[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs, in their amended complaint filed pursuant to the Court's order granting leave to file, entered October 17, 1990, seeks damages for defendants' alleged breach of a lease agreement. Defendants' answer to the amended complaint denies material averments thereof, raises five affirmative defenses, including that of misrepresentation, and counterclaims for rescission of the lease entered into and for damages. The case was tried to a jury and the trial court, at the close of the evidence, granted defendants' motion for a directed verdict and dismissed the counterclaim. Plaintiff appealed, after judgment for defendant was entered on December 5, 1990. The Supreme Court reversed in its decision filed February 20, 1992. See Grant etal v. Briskin et al, 603 A.2d 324. The case remained inactive thereafter until June 7, 1993, when plaintiffs again moved for summary judgment.[1]
Before the Court are memoranda of counsel, attached exhibits including affidavits, and reply memoranda. Plaintiffs argue the affidavit of Frank M. Oliveira establishes that plaintiffs had, before leasing to defendants, executed a valid purchase and sale agreement with their predecessor in title. Referring to Supreme Court language which indicated that if plaintiffs were, in fact, equitable owners of the property, and had oral permission to lease it to the Briskins, the Briskins would be estopped from denying plaintiffs' right to lease, absent any interference with defendants' occupation or possession. Arguing further that the Oliveira affidavit establishes their right to enter into the lease with defendants, they conclude they have satisfied the criterion established by the Supreme Court "sufficient to recoup damages from the Briskins for the premature vacating of the premises controlled by the lease." They further argue that defendants' counterclaim, denial of which was not appealed, is identical to factual averments in their affidavit, as to misrepresentation, and therefore the dismissal constitutes the law of the case, something defendants cannot now be heard on.
Defendants argue they are entitled to trial on the merits, at which time their defense of misrepresentation is in issue. The Briskin affidavit, before the Court on this motion, recites alleged misrepresentations, upon which they relied. In their counterclaim, averring misrepresentation, defendants had the burden of proof. In their answer, they do not; the burden of proof on the whole case remains with the plaintiffs. For that reason, plaintiffs' motion should be denied. And, in summary judgment, the Court does not resolve issues posed by competing affidavits. O'Connor v. McKanna, 116 R.I. 627 at 633. There is another reason; the Supreme Court decision, 603 A.2d at 330, directs: "This case is remanded to the Superior Court to conduct a new trial and for further proceedings in accordance with this opinion."
Plaintiffs' motion for summary judgment should be and it hereby is denied. Order to enter.
[1] Plaintiff moved for summary judgment on March 2, 1989, and defendant so moved on March 13, 1989. Both motions were denied by a justice of this Court on April 10, 1989. See docket entry; no order was entered. The motion before this Court is addressed to the amended complaint and answer.