DECISION
This matter comes before the Court on defendant Myrna Mallet's ("Mallet") Motion for Partial Summary Judgment. Jurisdiction of this Court is pursuant to R.I. Super. R Civ. P. 56.
The plaintiff, as assignee of Peach Tree Bancard Corporation, is in the business of providing credit card processing services to businesses. On or about October 21, 1991, plaintiff and defendant The Mac Shop, Inc. ("The Mac Shop") entered into a Merchant Processing Agreement ("MPA"). Mallett signed the MPA as President off The Mac Shop and also signed individually as a personal guarantor. On or about March 7, 1995, plaintiff sent written notice to Mallett, as President of The Mac Shop, canceling the account under the MPA. On or about March 8, 1995. the account was re-opened. For purposes of this motion, Mallett does not dispute the validity of her guaranty prior to the date of March 7, 1995.
The plaintiff filed suit against The Mac Shop and Mallett as guarantor, alleging they owed plaintiff $20,243.07. As grounds for her Motion for Partial Summary Judgment, Mallett claims she is not personally liable for any obligations of The Mac Shop after the March 7, 1995 cancellation notice.
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works Inc. v. R.J. Sanders Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R, Civ. P. 56(c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth, all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence, Inc. v. Wilkie,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Riganese,714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio. 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. p. 56(c).
Mallett argues that the MPA was terminated by plaintiff on March 7, 1995, and therefore, her liability under the guaranty also terminated on that date. Mallett contends that she neither requested or authorized plaintiff to re-open the account, nor signed a new personal guaranty for the re-opened account. Furthermore, Mallett asserts that she resigned as President of The Mac Shop in October or November 1993. Although Mallett agreed to be personally liable to plaintiff for transactions of The Mac Shop during the life of the MPA, she is not the guarantor of obligations incurred by The Mac Shop after March 7, 1995.
In response, plaintiff argues that paragraph 20 of the MPA indicates that the termination date of the agreement would have been effective on March 10, 1995, three days after the cancellation notice. According to the "Events Log" dated March 8, 1995 that is kept by plaintiffs, a representative on behalf of plaintiff spoke to both Mallett and her husband on the telephone regarding the cancellation of The Mac Shop's account. Thereafter, plaintiff contends that the account was re-opened as both Mallett and her husband ably convinced the representative not to dose the account. As such, the notice of cancellation was revoked prior to the effective date of March 10, 1995. In the alternative, plaintiff argues that genuine issues of material fact exists as to whether the MPA was terminated on March 7, 1995, whether plaintiff revoked its termination, whether Mallett waived the termination, and whether Mallett is estopped from asserting a defense of termination.
When a contract is clear and unambiguous, a question of law exists as to the meaning of its terms. O'Connor v. McKanna,116 R.I. 627, 630, 359 A.2d 350, 353 (1976) (citing Cassidy v.Springfield Life Ins. Co., 106 R.I. 615, 619, 262 A.2d 378, 380 (1970)). However, a question of fact exists if an ambiguity becomes apparent in the construction of its terms. Id. at 630-31. A contract is considered "ambiguous only when it is reasonably and clearly susceptible to more than one interpretation." Rotelliv. Catanzaro, 686 A.2d 91, 94 (R.I. 1996) (citing W.P. Assoc. v.Forcier, Inc., 637 A.2d 353, 356 (R.I. 1994)). Although paragraph 20 of the MPA appears to be unambiguous on its face, the actions and intent of the parties relative to the interpretation of the paragraph and the exercising of a termination date is ambiguous.
Even though Mallett's interpretation of the contract as to termination seems to be correct, she will not be entitled to summary judgment unless her interpretation is the only possible one. O'Conner, 116 R.I. at 634, 359 A.2d at 354. On the other hand, the trier of fact could reasonably adopt plaintiffs version of termination, waiver, and/or revocation on the part of Mallett. Since the MPA is ambiguous, "and the pleadings, discovery materials, and affidavits indicate a dispute in respect to the parties' intent, there exists a genuine issue of material fact that must be resolved by the trier of fact" Rotelli, 686 A.2d at 95. Based upon the foregoing analysis, this Court denies Mallet's Motion for Partial Summary Judgment.
Counsel shall prepare the appropriate order for entry.