DECISION
Pursuant to Rule 56 of the Super. R. Civ. P., this matter comes before the Court on a motion for partial summary judgment filed by Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello. Defendants have filed a timely objection. This motion requires the Court to interpret the cost-of-living adjustment provision of the applicable contracts under which these five Plaintiffs retired. For the reasons set forth below, Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello's motion for partial summary judgment is denied.
 Facts and Travel
Plaintiffs in this action are sixteen former firefighters and police officers of the Town of West Warwick ("Town") who were disabled in the course of performing their duties and as a result were granted disability-pension benefits by the Town. As disabled retirees, Plaintiffs receive benefits at the rate of two-thirds of their active counterparts. See Police Officer's CollectiveBargaining Agreement, Section 16(c), p. 13 and Firefighter'sAgreement, Article XVII, section 8, p. 34-35 (benefits for disabled retirees include the right to receive "NO LESS than two-thirds of the salary" being received by their active counterparts) (emphasis added).
Further, section 34(E) of the Police Officer's Collective Bargaining Agreement states that "[a]ll employees who retire after July 1, 1991, shall be entitled to a two percent compounded cost-of-living increase on each anniversary date of retirement for a maximum of ten consecutive years." Similarly, article seventeen, section 5(D) of the Firefighter's Agreement states that "[a]ll employees who retire after July 1, 1991, shall be entitled to a two (2%) percent compounded cost-of-living increase on each anniversary date of retirement for a maximum of ten (10) years."
Both the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement were entered into by and between the Town and Plaintiffs' respective unions and both were effective from July 1, 1991 to June 30, 1993. And Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello were all placed on accidental disability retirement by the Town, through its pension board, during this period.
This matter was originally filed in 1995 and initially, Plaintiffs attempted to increase their pension benefits from two-thirds active pay to full active pay but the Superior Court entered a declaratory judgment in favor of the Defendants and the Supreme Court affirmed. See O'Connell v. Bruce, 710 A.2d 674,675 (R.I. 1998). Subsequently, Plaintiffs filed a supplemental complaint seeking an increase in their pension benefits to include the following: 1) a bonus payment made to active police officers; 2) a cost-of-living adjustment for all Plaintiffs; and 3) incentive pay afforded to active firefighters who maintain their EMT-C certification. Thereafter, Plaintiffs filed a second supplemental complaint seeking a return of pension contributions.
Then, in January 2001, Judge Vogel of the Rhode Island Superior Court granted Plaintiffs' motion for partial summary judgment as to Count I of Plaintiff's supplemental complaint but denied Plaintiffs' motion for partial summary judgment as to Count III of Plaintiffs' supplemental complaint. In interpreting the applicable provisions of the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement, Judge Vogel found that Defendants had failed to properly adjust the certain police officer-retirees' pensions but Defendants were not required to adjust the pensions of certain firefighter-retirees who had worked on rescue units. Judge Vogel's decision also found that all Plaintiffs are retirees within the meaning of the Town's pension system, rendering the fourth supplemental count for return of pension contributions moot. Thus, the sole remaining issue for disposition is Count II of Plaintiffs' supplemental complaint and for purposes of this motion, whether Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello are entitled to a cost-of-living adjustment under the aforementioned Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement.
 Standard of Review
"Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no material questions of fact exist and the moving party is entitled to judgment as a matter of law." Konar v. PFL Life Ins. Co.,840 A.2d 1115, 1117 (R.I. 2004). Furthermore, "a litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Tanner v.Town Council of East Greenwich, 880 A.2d 784, 791 (R.I. 2005) (quoting Lucier v. Impact Recreation, Ltd., 864 A.2d 635, 638
(R.I. 2005).
 Discussion
In support of their motion, Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello contend that they are entitled to a cost-of-living adjustment because the language used in the cost-of-living adjustment provision of the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement is clear and unambiguous. Specifically, they argue that these two agreements use identical, broad language to identify those eligible for cost-of-living adjustment benefits and, they suggest that the use of the word "all" should be interpreted by the Court to include them because such language does not permit qualification, limitation, or interpretation to exclude some employees. Citing Opinion to the Governor,6 A.2d 147, 150, 62 R.I. 316, 323 (1939) and State v. Caprio,477 A.2d 67, 69 (R.I. 1984).
In response, Defendants argue that the cost-of-living adjustment provision relied upon by Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello is simply taken out of context and when the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement are read in their entirety, it is clear that they do not provide for cost-of-living adjustments to disabled retirees such as the Plaintiffs. Defendants also submit that under the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement, Plaintiffs, as disabled retirees, receive pension benefits not afforded to those individuals retiring under the regular retirement provisions.
Contract interpretation is generally a question of law; it is only when contract terms are ambiguous that construction of terms becomes a question of fact, but in cases in which the language of a contractual agreement is plain and unambiguous, its meaning should be determined without reference to extrinsic facts or aids. Clark-Fitzpatrick, Inc., v. Gill, 652 A.2d 440, 443 (R.I. 1994). "In determining whether a contract is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning."Paradis v. Greater Providence Deposit Corp., 651 A.2d 738, 741
(R.I. 1994). And "[i]n applying this standard, [our Supreme Court] has consistently held that a contract is ambiguous only when it is reasonably and clearly susceptible of more than ore interpretation." Id. Thus, "the construction of a clear and unambiguous contract presents an issue of law which may be resolved by summary judgment." Lennon v. MacGregor,423 A.2d 820, 822 (R.I. 1980).
Turning to the merits of the matter currently before the Court, it is important to note that disabled retirees, such as Plaintiffs, receive regular pension increases that correspond to the pay raises afforded to their active counterparts. SeePolice Officer's Collective Bargaining Agreement, Section 16(c), p. 13 and Firefighter Agreement, Article XVII, section 8, p. 34-35. Hence, Plaintiffs essentially already receive a built-in cost-of-living adjustment because when active police officers and firefighters are granted a cost-of-living increase or other pay increases, Plaintiffs receive a reciprocal increase in disability payments. Regular retirees' benefits, however, remain constant except for the cost-of-living adjustment. SeePolice Officer's Collective Bargaining Agreement, Section 34, p. 23 and Firefighter's Agreement, Article XVII, section 5, p. 33-34.
Additionally, when the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement are read in their entirety, including the section relied upon by Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello, it is apparent that they do not provide for cost-of-living adjustments to disabled retirees such as Plaintiffs. First, the cost-of-living adjustment provision is outlined in the pension rights of regular as opposed to disabled retirees in the two agreements. Second, and more importantly, there is a separate section outlining the entire scope of benefits for disabled retirees under both agreements. Thus, Section 16(c) of the Police Officer's Collective BargainingAgreement and Section 8 of Article XVII of the FirefighterAgreement wholly delineate the benefits for disabled retirees such as the Plaintiffs. Therefore, the Court finds that the Police Officer's Collective Bargaining Agreement and the Firefighter's Agreement, viewed in their entirety, are clear, unambiguous and not reasonably or clearly susceptible to more than one interpretation.
 Conclusion
After consideration of the parties' arguments and respective memoranda, the Court finds that the material facts are not in dispute and that Defendants are entitled to judgment as a matter of law. Thus, the Court hereby denies Plaintiffs Kevin O'Connell, Brian DiCarlo, Ray Caron, Alfred Calci and John Botello motion for partial summary judgment. Counsel shall prepare an order to reflect the Court's decision.