Bethany RUCCO et al.

v.

RHODE ISLAND PUBLIC
TRANSIT AUTHORITY.

No. 85–191–A.

Supreme Court of Rhode Island.

May 6, 1987.

Irving Brodsky, Booth & Brodsky, Providence, for plaintiffs.

David F. Sweeney, John Earle, Breslin & Sweeney, Warwick, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on cross-appeals by the plaintiffs and the defendant from a judgment entered in the Superior Court following a trial by jury. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

On August 10, 1979, Roberta Rucco was the operator of an automobile that had come to a stop on Smith Street in Providence for the purpose of making a left turn when permitted by oncoming traffic. While she was so stopped, her vehicle was struck in the rear by a bus owned by defendant, Rhode Island Public Transit Authority (RIPTA), and operated by its employee. At the time of this collision Roberta was accompanied by her three children one of whom, a child named Bethany, aged fifteen, was injured when her head struck against the headrest of the front seat and then snapped back against the back seat as well. Both Roberta and Bethany required medical treatment. Roberta's medical expenses consisted of a $20 fee for an emergency-room visit at Notre Dame Hospital and $155 for five visits to Dr. Norbert Fleisig. Roberta presented evidence of loss of earning capacity for a period of three weeks at the rate of $300 per week. The jury returned a verdict in Roberta's favor in the amount of $3,000.

Bethany claimed loss of earnings of approximately $2,700. She presented evidence of medical bills in the amount of approximately $600 (including diagnostic procedures). She had been treated by Dr. Raymond McKendall, an ophthalmologist, who testified that she had a condition described as "scotoma," a blind spot that would become apparent if Bethany looked toward her nose. This condition was described by Dr. McKendall as permanent. However, Dr. McKendall testified that her vision would not be impaired in the carrying out of normal activities. The defendant presented an ophthalmologist, Dr. Joseph L. Dowling, Jr., who testified that Bethany's visual acuity was tested as 20/20 in both eyes in respect to forward vision. He agreed that there was a scotoma or blind spot in the lower field of vision in the right eye when Bethany looked toward her nose. However, he testified that her activities, such as operation of a motor vehicle or pursuit of any occupation that she might wish, including working with a computer or computer screen (a field in which the young woman had expressed some interest), would be unimpaired. In responding to this evidence, the jury returned a verdict in favor of Bethany for $17,000.

After the verdict was rendered, judgment was entered for both plaintiffs in the principal sums of the verdicts together with interest. Thereafter, RIPTA filed a motion pursuant to Rule 59(e) of the Superior Court Rules of Civil Procedure to alter or amend the judgment by deleting therefrom interest that had been added by the clerk. This motion was based upon the theory that RIPTA, as a public instrumentality of the state, was immune from prejudgment interest. The trial justice denied this motion. The plaintiffs moved for a new trial on the ground that the damages awarded by the jury were inadequate. The trial justice denied this motion as well. Both parties have appealed from the denial of their respective motions.

I

THE INTEREST ISSUE

In support of its appeal, RIPTA argues that our holding in *Andrade v. State*, 448 A.2d 1293 (R.I.1982), that prejudgment interest did not apply to cases brought under the State Tort Claims Act, would preclude the award of interest against RIPTA since it is an instrumentality of the state. It should be noted that *Andrade* involved a judgment rendered against the agency that operates the Rhode Island Training School for Youth, which has an undoubted governmental function. That action was clearly brought pursuant to the State Tort Claims

Act, G.L.1956 (1969 Reenactment) § 9–31–1 as enacted by P.L.1970, ch. 181, § 2.

■ This issue is controlled by our recent decision in *Lepore v. Rhode Island Public Transit Authority*, 524 A.2d 574 (R.I.1987). In that case the identical question was presented to us concerning whether RIPTA, as a state-operated public-transportation authority, performed a governmental function or a proprietary function. We determined in that case that the operation of a public-transportation authority was proprietary in nature and therefore was not subject to the provisions of § 9–31–2, which exempts from its limitations activities in which the state is engaged in a proprietary function during the commission of a tort. We specifically concluded that *Andrade* did not apply to such a situation and that prejudgment interest was appropriately awarded against RIPTA.

Consequently, in the case at bar the trial justice was correct in awarding prejudgment interest.

## II

### THE MOTION FOR NEW TRIAL

In the case at bar the trial justice, in passing upon plaintiffs's motion for new trial, did not analyze the testimony or consider the credibility of witnesses. His sole comment in deciding the motion for new trial was to observe, "I am going to sustain the verdict as to both parties in view of the remarks that have been addressed to the Court by [counsel for the defendant]."

■ We have frequently stated that it is the duty of a trial justice to refer with some degree of specificity to the facts that prompted the granting or denial of a motion for new trial and to pass upon the credibility of witnesses in order that this court may grant to the new trial determination the deference that will ordinarily be ascribed to findings of fact by a trial justice. *Morinville v. Morinville*, 116 R.I. 507, 359 A.2d 48 (1976); *Sweet v. Hemingway Transport, Inc.*, 114 R.I. 348, 333 A.2d 411 (1975); *Barbato v. Epstein*, 97 R.I. 191, 196 A.2d 836 (1964). Although it is

not necessary to make an exhaustive analysis of the evidence or state all relevant conclusions about the weight of the evidence or the witnesses's credibility, a trial justice must refer sufficiently to the facts upon which the new trial ruling was based so that a reviewing court may determine whether the trial justice overlooked or misconceived material evidence on a controlling issue or was otherwise clearly wrong. *Zarrella v. Robinson*, 460 A.2d 415 (R.I. 1983); *Morinville v. Morinville*, 116 R.I. 507, 359 A.2d 48 (1976); *Fontaine v. Devonis*, 114 R.I. 541, 336 A.2d 847 (1975).

Within the guidance of this principle, pro forma approval of a jury verdict cannot be given the weight that we usually accord to a trial justice's decision on a motion for a new trial. *Morinville*, 116 R.I. at 512, 359 A.2d at 51. However, in the event that a trial justice has failed to perform his function in analyzing the evidence and passing upon the credibility of witnesses, this court will apply the appellate rule and will itself analyze the record in order to determine if it contains competent evidence, that, if believed, would support the jury's verdict. *Id.* at 512, 359 A.2d at 51–52. Since we believe that the trial justice's response to the motion for new trial did not meet the minimal requirements set forth in the cited cases, we have performed this function in order to apply the appellate rule.

■ After a careful analysis of the evidence presented by both parties in the case, we are of the opinion that the record contains competent evidence that, if believed, would support the damage award of this jury. Taking into consideration the evidence about out-of-pocket expenses, the nature and extent of the injuries, as well as the duration of the sequelae of such injuries, we cannot say that the evidence strongly preponderates against the jury's verdict. Although another jury might have been more generous to the plaintiffs without having passed the bounds of its discretion, particularly in determining compensation for pain and suffering, we are unable to state that this award was so grossly inadequate as to warrant a new trial on the issue of damages.

For the reasons stated, the appeals of both parties are denied and dismissed. The judgment of the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.