[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on plaintiffs' motion for a new trial or, in the alternative, an additur. The motion stems from a February 18, 1991 jury award in favor of Alfred, Denise, and Sarah Valletta (hereinafter referred to as "plaintiffs"). Jurisdiction in this court is pursuant to R.C.P 59.
The statement and travel of this case are as follows. On March 23, 1985, Sarah Valletta (hereinafter "Sarah"), then three years old, the minor child of Alfred and Denise Valletta, was bitten by a dog owned by Ernest and Rose Marie Morra (hereinafter referred to as "Morra"). As a result of the incident, Sarah sustained injuries, particularly a dog bite to the face with subsequent scarring. The plaintiffs also claimed psychological damage to Sarah and loss of her consortium resulting from the dog bite.
The jury awarded $19,800, exclusive of interest. Plaintiffs now assert that the trial justice should not have allowed certain statements made by the defense attorney in his closing argument. These statements, the plaintiffs argue, moved the jury to passion and prejudice in arriving at what plaintiffs feel is a "grossly inadequate" award.
This court must look to the evidence to determine whether justice requires that a new trial or additur be granted to the plaintiffs. When a trial justice must rule on a new trial, she is acting as the "thirteenth juror." Roberts v. Kettelle,116 R.I. 283, 298, 356 A.2d 207, 218 (1976). In a motion for a new trial or additur the evidence in the case must support a "demonstrable disparity" between the damages sustained and the award given by the jury. Id. at 218.
In the instant case, the defense presented to the jury a damage breakdown as follows:
 $ 5,000.00 ----------------- (Trauma)
 $ 1,000.00 ----------------- (Medical Expenses)
 $ 1,500.00 ----------------- (Pain and Suffering)
 $10,000.00 ----------------- (Future Scarring)

and suggested an award reflect these figures. Plaintiffs' expert, Dr. Howard Sturim, testified that although there will be surgical revision in the future, it will be routine and accomplished on an outpatient basis. Further, the witness could not give to the jury a determinate monetary amount for the treatment's cost. The plaintiffs' attorney noted in the record that the child's scarring was barely noticeable in the courtroom lighting. Plaintiffs, therefore, are hard-pressed to prove their assertion that the future scarring figure suggested by the defense is "grossly inadequate." The record simply does not support that claim.
When considering the motion for a new trial, it is the duty of the trial justice to exercise her independent judgment regarding all the material evidence in the case in the light of her charge to the jury, and to pass on its weight and the credibility of witnesses. Gardiner v. Schobel, 521 A.2d 1011, 1015 (R.I. 1987) citing Barbato v. Epstein, 97 R.I. 191, 193-194, 196 A.2d 836, 837 (1964). The verdict should be allowed to stand if the evidence is evenly balanced or is such that different minds could fairly come to a different conclusion.Id. at 1015.
Relying on this well-settled standard, this court finds that evidence in the instant case clearly supports the jury award which shall be allowed to stand. The award was just. The plaintiff did not present evidence that directly contravened the defense damage contention. Regarding pain and suffering and trauma, plaintiffs' witness, Dr. Feinstein, plaintiffs' psychiatrist, testified that the dogs "did not bother her" (Sarah) anymore. Dr. Feinstein saw Sarah three months after the incident and, subsequently, just prior to trial. While Dr. Feinstein interpreted Sarah's statement that dogs did not bother her anymore as indicative of Sarah's insecurity regarding dogs, reasonable minds could come to a differing interpretation, i.e., that dogs simply did not continue to bother Sarah.
Plaintiff seeks an additur or a new trial on this damage issue. A damage award will stand if the record contains competent evidence that if believed, is sufficient to support that award.Rucco v. R.I. Public Transit Authority, 525 A.2d 43, 45 (R.I. 1987). The evidence must "strongly preponderate" against the jury's verdict. Id. at 45. In the instant case, enough competent evidence exists to support the award as it stands. It is insufficient that another jury may have been more generous to the plaintiffs; the award must be `grossly inadequate' for a party to successfully claim an additur. Id. at 45. The record on the case at bar does not point to such gross inadequacy.
In his closing argument, defense counsel stated that "Sarah Valletta was not devastated by this incident, and neither should the defendant, Rose Marie Morra, be devastated by it". This remark was neither prejudicial nor inappropriate in the context of this trial.
Notwithstanding plaintiff's counsel's comments and characterizations of plaintiff's injuries, Sarah Valletta's scarring was de minimus. The jury had the opportunity to view the scar. They did so within inches of the child's face. The child's face as viewed by the jury bore no resemblance whatever to the picture painted by plaintiffs' counsel in both his opening and closing and, as mentioned, Dr. Sturim viewed the future medical attention as routine and of minor inconvenience to his patient. Finally, defendant's testimony as to the events surrounding the incident was clear, candid and unambiguous: the dog was hers, he was off the property, he bit Sarah Valletta, and she (defendant) was responsible. Mrs. Morra had been, and clearly still was, upset about Sarah. Defendant testified that she advised Sarah's parents at the outset that she would pay for whatever treatment was necessary. She was an effective witness and her concern was genuine and obvious.
Defendant counsel's statement that defendant should not be "devastated", just as plaintiff truly had not, was not inappropriate under the circumstances. It was a fair comment, not inappropriate, and certainly apt within the context of the case.
Plaintiffs' motion for a new trial and/or an additur is denied.