## CUSTOM FLIGHT SYSTEMS OF NEW ENGLAND, INC.

### v.

### STATE of Rhode Island.

### No. 93–460–Appeal.

Supreme Court of Rhode Island.

April 14, 1994.

John Boland.

Richard B. Wooley.

### ORDER

This case came before the Supreme Court for oral argument on April 7, 1994, pursuant to an order directing Custom Flight Systems of New England, Inc. (plaintiff), to show cause why its appeal should not be denied and dismissed. The plaintiff had appealed the granting by the trial court of defendant State of Rhode Island's involuntary dismissal motion pursuant to Super.R.Civ.P. 41(b)(2). After reviewing the memoranda submitted by the parties and after considering the arguments of counsel for the parties, we are of the opinion that cause has not been shown.

The plaintiff filed suit against the State of Rhode Island after one of plaintiff's planes collided with a deer while landing at the Block Island Airport on October 22, 1985. The plaintiff alleged that the state had a duty to keep the runway free from deer. Pursuant to Rule 41(b)(2), after a non-jury trial, defendant's motion for involuntary dismissal was granted on the ground that, upon the facts and the law, plaintiff had not established a right to relief. We conclude that the trial justice made the correct determination of the issues.

The airport manager testified that he had warned pilots of the presence of deer and birds at the airport, and that airport employees provided a "deer patrol" to chase deer off the runway. The plaintiff's collision was the only "hit," though there was a "near miss" three weeks earlier.

The trial justice examined the public duty doctrine, its purposes and its three general exceptions: special duty, actions normally performed by private individuals, and egregious conduct. The trial justice concluded that none of the exceptions was applicable in the instant case, and, therefore, he granted defendant's motion. We concur.

First, plaintiff had not informed the state of a dangerous condition at the airport, thus precluding a "special duty" between plaintiff and the state. Second, running a public airport is exclusively an activity performed by a public entity. Third, the state's use of patrols instead of a fence did not create an actionable liability against the state.

Consequently, we deny and dismiss the appeal and affirm the judgment of the Superior Court.