DECISION
The plaintiff, James B. Osborn (Osborn), has filed a Motion for Partial Summary Judgment as to the Seventh and Eighth Affirmative Defenses made by the defendant, the State of Rhode Island (State), and the State has objected. This Court possesses jurisdiction pursuant to R.I.G.L. 8-6-2 and Super. Ct. R. Civ. P. Rule 56 (c) and (d).
 FACTS AND TRAVEL
The State is, and at all times relevant hereto, has been the owner of the Plum Beach Lighthouse, a nonfunctioning lighthouse. In 1973, the Cannon Paint Company (Cannon) executed a contract with the State to paint the Newport Bridge. Cannon thereafter employed Osborn as a painter on this project. Osborn alleges that, while working on the project, officials from the Rhode Island Bridge and Turnpike Authority directed him to paint the Plum Beach Lighthouse. Osborn has filed this tort action alleging that he contracted pulmonary histoplasmosis as a result of his exposure to pigeon feces while painting the Plum Beach Lighthouse. The issue is whether ownership and painting of the Plum Beach Lighthouse by the State is a proprietary or governmental function. Such resolution is determinative of whether the State is entitled to the damage and prejudgment interest limitations as asserted by the State's Seventh and Eighth Affirmative Defenses. See R.I.G.L. 9-31-1, -2.
Osborn argues that the State as property owner of the nonfunctioning Plum Beach Lighthouse is engaged in a proprietary function. Osborn argues that the State as owner of this lighthouse is performing solely a landowning function, not a governmental function, and "the state as a landowner . . . performs the identical function that a private person might perform or which a private person might well parallel, and therefore, the duties of the state as landowner . . . should be the same as that of any private person. . . ." O'Brien v. State,555 A.2d 334, 337 (R.I. 1989). Osborn proffers evidence that the Plum Beach Lighthouse is a nonfunctioning lighthouse, the State has no governmental use, or any use, for the lighthouse, and prior to this litigation was attempting to sell or lease the lighthouse. See Affidavit, Andre D'Andrea, C.A NC 87-0101, May 7, 1998
The State argues that the Court previously has determined this issue stating that the "ownership and maintenance of a lighthouse is clearly a governmental function not ordinarily engaged in by private individuals . . . [and] that maintenance and control of both the bridge and the lighthouse is a governmental function. . . ." Moreover, the State argues that the operation of a lighthouse is analogous to the operation of an airport which our Supreme Court has determined is an activity exclusively performed by a public entity See Custom FlightSystems of New England, Inc. v. State, 641 A.2d 1324 (R.I. 1994).
 STANDARD OF REVIEW Super. Ct. R. Civ. P Rule 56 (c) and (d), state in pertinent part that
 (c). . . . [t]he judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 (d) [i]f on motion under this rule judgment is not rendered upon the whole case. . . . the court . . . shall if practicable ascertain what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy,. . . ., and [direct] such further proceedings . . . as are just.
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v. Burrillville Racing Association,603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v. State,427 A.2d 338 (R.I. 1981); Ludwig v. Kowal, 419 A.2d 297 (R.I. 1980)). During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion." Id. (citing Lennon v. MacGregor,423 A.2d 820 (R.I. 1980)). Moreover, "the trial justice must look for factual issues, not determine them. The justice's only function is to determine whether there are any issues involving material facts." Id. (quoting Steinberg v. State, supra at 340). The Court's purpose during the summary judgment procedure is issue finding, not issue determination Industrial National Bankv. Peloso, 397 A.2d 1312, 1313 (R I. 1979) (citing O'Connor v.McKanna, 359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian,238 A.2d 742 (R.I. 1968)). Thus, the only task of a trial justice in ruling on a motion for summary judgment is to determine whether there is a genuine issue concerning any material fact. Id.
(citing Rhode Island Hospital Trust National Bank v. Boiteau,376 A.2d 323 (R I. 1977)).
"When an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in the light most favorable to the party opposing the motion, reveals no such issue, the suit is ripe for summary judgment." Id. (citing Rhode Island Hospital Trust National Bankv. Boiteau, supra; O'Connor v. McKanna, supra.)). However, it is not an absolute requirement that the non-moving party file an affidavit in opposition to the motion. Steinberg v. State, supra.
If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion despite the failure of the non-moving party to file a counteraffidavit. Id.
 OWNERSHIP AND PAINTING OF THE PLUM BEACH LIGHTHOUSE BY THE STATE IS A PROPRIETARY FUNCTION
The State's contention that the law of the case doctrine bars this Court from addressing the issue is misplaced. The law of the case doctrine states that
 [a] prior ruling on a question of law made at one stage of a case becomes binding precedent to be followed in successive stages of the same litigation. (citations omitted). The ruling must be followed as the law of the case unless the court determines that it is no longer sound because of changed conditions, factual errors in the previous ruling, intervening changes in the law, or manifest injustice resulting from the original ruling. (citations omitted)
People of the City of Aurora v. Allen, 885 P.2d 207 (Colo. 1994). "Ordinarily, after one judge has decided an interlocutory matter in a pending suit, a second judge on that same court, when confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling. (citations omitted)." Richardson v. Smith, 691 A.2d 543, 546 (R.I. 1997). However, this doctrine "will not bar reconsideration of an earlier order when evidence has been introduced in the interim that significantly extends or expands the record . . . (citations omitted)." Id. This Court finds that evidence has been presented significantly expanding the case record illustrating that the State owned the Plum Beach Lighthouse and had abandoned its operation. See Goldberg v.Whitehead, 713 A.2d 204 (R.I. 1998).
The Governmental Tort Liability Act, R.I.G.L. 9-31-1 et seq., provides that the State shall be "liable in all actions of tort in the same manner as a private individual . . .; provided, however, that any recovery in any such action not exceed the monetary limitations thereof set forth in this chapter." R.I.G.L.9-31-1. In any tort action against the State, the amount of "any damages recovered therein shall not exceed the sum of one hundred thousand dollars . . . ; provided, however, that in all instances in which the state was engaged in a proprietary function in the commission of the tort, . . ., the limitation on damages set forth in this section shall not apply." R.I.G.L. 9-31-2. Although R.I.G.L 9-31-1, -2 generally prohibits the award of prejudgment interest against the State, See Andre v. State, 448 A.2d 1293
(R.I. 1982), our Supreme Court has held that "neither the state nor its political subdivisions are so shielded when the function performed that gave rise to the tort liability was proprietary rather than governmental in nature." The Housing Authority of theCity of Providence v. Benedicto Oropeza, No. 97-212-Appeal, (June 16, 1998) at 2. (citing Matarese v. Dunham, 689 A.2d 1057, 1058 (R.I 1997); Rocci v. Rhode Island Public Transit Authority,525 A.2d 43, 45 (R.I. 1987)); See Lepore v. Rhode Island PublicTransit Authority, 524 A.2d 575 (R.I. 1987).
Our Supreme Court has held that a "proprietary function is one which is not `so intertwined with governing that the government is obligated to perform it only by its own agents or employees'" Lepore v. Rhode Island Public Transit Authority, at 575 (quoting Xavier v. Cianci, 479 A.2d 1179, 1182 (R.I. 1984)). When the Court conducts an analysis to determine "whether an activity would be performed by a private person so as to bring it within the provisions of . . . [the Governmental Tort Liability Act], our analysis is functional rather that abstract." QuotingO'Brien v. State, at 338 (emphasis added); The Housing Authorityof the City of Providence v. Benedicto Oropeza, at 3. The proper analysis to make is "whether this is an activity that a private person or corporation would be likely to carry out. If the answer is affirmative, then liability will attach." Id. "When governmental employees engage in activities normally undertaken by private individuals, . . ., there is no need to cloak them in the protection of the public duty doctrine. . . . The primary purpose of the public duty doctrine is to encourage the effective administration of governmental operations. . . ." Catone v.Medberry, 555 A.2d 328, 333 (R.I. 1989) (emphasis added).
At issue is whether the ownership and painting of the nonfunctioning Plum Beach Lighthouse by the State is a proprietary or governmental function. When Osborn was allegedly directed by State officials to paint the Plum Beach Lighthouse, the State was not operating the lighthouse for any governmental purpose and did not employ Osborn to achieve or perform a governmental function. At the time relevant to this action, the State had abandoned the operation of the lighthouse, and thus the State was acting as a landowner and not as a governmental entity when it employed Osborn to paint the abandoned structure. SeeAffidavit, Andre D'Andrea, May 7, 1998. The record is devoid of any genuine issues of material facts, or any facts, to rebut this conclusion.
After thorough review of the undisputed facts and the case law, this Court finds that the State as owner of the Plum Beach Lighthouse was engaged in a proprietary function. The action by the State to paint the nonfunctioning lighthouse is analogous to that of a property owner and not governmental in nature because the State was not operating the lighthouse to achieve a governmental function. See O'Brien v. State, at 338. Although our Supreme Court has stated that "[m]aintenance of government buildings is plainly a governmental function" the Plum Beach Lighthouse was a governmental building solely pursuant to the State's ownership of the lighthouse as opposed to the State operating the lighthouse to perform a governmental function.Quoting Matarese v. Dunham, 689 A.2d 1057, 1058 (R.I. 1997).
This Court finds that there is no genuine issue as to any material fact and that Osborn is entitled to Partial Summary Judgment as to the State's Seventh and Eighth Affirmative Defenses as a matter of law. This Court finds that the State as owner of the Plum Beach Lighthouse was engaged in a proprietary function excepting the State from the damage and prejudgment limitations provided by R.I.G.L. 9-31-1, -2. Counsel shall prepare and submit an appropriate Order for entry in accordance herewith within ten days.