DECISION
Before this Court is the motion for a new trial pursuant to Rule 59 of the Rhode Island Superior Court Rules of Civil Procedure of Thomas Contois, in his capacity as Administrator of the Estate of Zachary Contois, and Deborah Contois (Plaintiffs). Defendants Town of West Warwick, Jordan Horowitz, Battalion Chief Gerry Tellier, Leslie Hart, Chris Seelenbrandt, Chris Coppolino and Lieutenant Paul Carrington (Defendants) object to Plaintiffs' motion and renew their motion for judgment as a matter of law pursuant to Rule 50(b), on which the Court previously reserved judgment. For the reasons set forth below, this Court denies Plaintiffs' motion for a new trial and denies Defendants' renewed motion for judgment as a matter of law.
 FACTS AND TRAVEL
On March 12, 2001, Plaintiffs filed a medical malpractice action against Defendants, claiming that Defendants' gross negligence led to the death of Plaintiffs' son, Zachary Contois, on March 19, 1999. On the evening before Zachary's death, after monitoring and treating Zachary's escalating fever throughout the night, Plaintiff Deborah Contois contacted Zachary's physician. After consulting with and on the advice of the on-call doctor, Mrs. Contois determined that Zachary should be taken to the hospital as a precaution. Because Zachary suffered from seizures, often triggered by high fever, he was exposed to the risk of vomiting and then aspirating (inhaling) gastric contents, which, in turn, could lead to asphyxiation and to death. Accordingly, Mrs. Contois called 911, and Defendants Hart, Coppolino, Seelenbrandt and Carrington arrived at the Contois residence minutes later.
After conducting preliminary testing and gathering medical information, the EMT Defendants walked Zachary to the ambulance and laid him on his side with his head down. Soon afterwards, Zachary began to seize and to vomit. At some time thereafter, exactly how much time the parties dispute, Defendant Seelenbrandt began to suction Zachary in an attempt to prevent aspiration. While en route to the hospital, Zachary's heart rate flat-lined, and after unsuccessful attempts to revive him by emergency room doctors, Zachary was pronounced dead at 6:00 A.M. The medical examiner, Dr. Elizabeth Laposata, subsequently determined that Zachary had died as a result of asphyxiation.
On September 26, 2002, a Superior Court jury began hearing testimony surrounding the facts that led to this civil negligence action against Defendants. After eleven days of testimony, the trial concluded on October 7, 2002 with the jury returning a verdict in favor of Defendants. The jury found that Defendants Hart, Coppolino, Seelenbrandt, and Carrington were not guilty of gross negligence in their delivery of emergency medical treatment to Zachary Contois, and that Defendant Town of West Warwick was not grossly negligent in its training and supervising of the individual Defendants.
After entry of judgment, Plaintiffs filed a timely motion with this Court. Plaintiffs contend that the verdict is against the fair preponderance of the evidence and fails to administer substantial justice between the parties, thus requiring a new trial. Defendants counter that reasonable minds could have differed regarding the merits of the case, and therefore, a new trial is not warranted. Additionally, Defendants ask this Court to direct a verdict in their favor pursuant to their renewed motion for judgment as a matter of law. Defendants argue that Defendants' conduct does not constitute gross negligence and urge that because Plaintiffs could not prove definitively when Zachary aspirated, Plaintiffs could not demonstrate that the alleged one-minute delay in suctioning caused the aspiration.
 STANDARD OF REVIEW
Rule 59 of the Rhode Island Superior Court Rules of Civil Procedure provides that:
 "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state. . . ." R.I. Super. R.Civ.P. Rule 59 (2002).
Upon consideration of a motion for a new trial, the trial justice acts as a "super juror," reviewing all of the evidence in light of his or her independent judgment. See Rezendes v. Beaudette, 797 A.2d 474, 477-78 (R.I. 2002). Although the trial justice need not "make an exhaustive analysis of the evidence or state all relevant conclusions about the weight of the evidence or the witnesses' credibility," Rucco v. RhodeIsland Pub. Transit Auth., 525 A.2d 43, 45 (R.I. 1987), he or she must comment on the weight of the evidence and on the credibility of the witnesses. See Rezendes, 797 A.2d at 478. Further, if the trial justice "determines that the evidence is evenly balanced or that reasonable minds could differ on the verdict," he or she should allow the verdict to stand. Id. Alternatively, upon a finding that "the verdict is against the preponderance of the evidence, and thus fails to do justice between the parties," the trial justice should grant the motion for a new trial. Id.
Pursuant to Rule 50(b), if a party has moved for judgment as a matter of law at the close of all the evidence, and said motion has been denied or otherwise has not been granted, the party may renew the motion for judgment as a matter of law "by service and filing not later than 10 days after entry of judgment." R.I. Super. R.Civ.P. Rule 50(b). Rule 50(b) directs that, if a jury returned a verdict, "the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law." R.I. Super. R.Civ.P. Rule 50(b).
When addressing a renewed motion for judgment as a matter of law, the trial justice must "consider the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of the witnesses, and draw from the record all reasonable inferences that support the position of the nonmoving party." Skaling v.Aetna Ins. Co., 742 A.2d 282, 287 (R.I. 1999); see Rezendes, 797 A.2d at 478. Additionally, "if, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for judgment as a matter of law must be denied." Skaling, 742 A.2d at 287; see Rezendes, 797 A.2d at 478. Further, the Rhode Island Supreme Court has held that a court should direct a verdict "when the evidence permits only one legitimate conclusion in regard to the outcome." Long v.Atlantic PBS, 681 A.2d 249, 252 (R.I. 1996).
 PLAINTIFFS' MOTION FOR A NEW TRIAL
Sitting as a "super juror," this Court has reviewed the evidence and credibility of the witnesses at trial. The jury determined that none of the Defendants acted with gross negligence, and the jury reasonably could so determine based on the substantial evidence and testimony offered at trial. Dr. Elizabeth Laposata, the medical examiner who performed the autopsy, offered compelling testimony that the massive aspiration that obstructed the airways of Zachary's lungs could have occurred at any time prior to suctioning or during suctioning. Additionally, Dr. Laposata, who was extremely knowledgeable, experienced, and credible, asserted that it was impossible to determine precisely when the aspiration occurred. Although Theodore Tully, Plaintiffs' expert, was articulate, engaging and impressive, his testimony was overshadowed by that of Dr. Laposata. The jury concluded, and they were justified in doing so, that it could not be determined when aspiration occurred. Defendants' expert, Chris Gentile, was unimpressive.
Further, although some inconsistencies existed in the testimony given by the Defendant EMTs regarding the events that transpired, such inconsistencies may be attributed to such an extreme set of circumstances as took place in the mere moments at issue in this case. Notwithstanding these inconsistencies, the collective thrust of Defendants' testimony was that there was no delay such as that alleged by Plaintiff, and that, in fact, care of Zachary was undertaken with dispatch and efficiency. This Court does not doubt that Mrs. Contois acted attentively and exhaustively with respect to her care of Zachary throughout his life, as her testimony revealed. However, the existence and history of this conscientious quality of care does not necessarily translate into accepting as completely accurate Mrs. Contois' recollection of timing and events, especially given the acute and rapidly escalating circumstances and the unquestionable emotional stress during those critical moments.
Weighing the evidence and examining the credibility of witnesses, this Court finds that the verdict is not against the fair preponderance of the evidence, and that it responds to the merits of the case. The incident surrounding the treatment of Zachary Contois by the individual Defendants occurred over a few minutes, if not seconds, during a frantic series of events. Reasonable minds could have differed upon consideration of the evidence and testimony at trial, and the jury's verdict was a valid response to the merits of the case.
 DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
With respect to Defendants' renewed motion for judgment as a matter of law, viewing the evidence in a light most favorable to Plaintiffs, without assessing the credibility of the witnesses or weighing the evidence, this Court finds that factual issues remain regarding the existence of a delay in suctioning and the exact moment of aspiration, such that reasonable minds could have drawn different conclusions from the testimony and evidence at trial. Both Plaintiffs and Defendants presented witnesses who gave conflicting testimony regarding the existence of a delay in suctioning. The EMT Defendants testified that no delay occurred in the suctioning of Zachary, but Mrs. Contois maintained that a sixty-second lapse existed between the time Zachary began to vomit and the moment that the suctioning began. Additionally, as noted above, Dr. Laposata concluded that it was impossible to ascertain the precise moment of aspiration, whereas Plaintiffs urged that the alleged delay in suctioning led to Zachary's aspiration, thereby causing his death.
Because of this conflicting evidence, factual issues remain such that reasonable minds could have drawn different conclusions from the evidence. Accordingly, drawing all reasonable inferences in favor of Plaintiffs, this Court finds that Defendants' motion must be denied.
 CONCLUSION
Because reasonable minds could have differed regarding the merits of the case, the verdict shall stand. The jury's verdict responds to the merits of the controversy and administers substantial justice. Accordingly, Plaintiffs' motion for a new trial is denied, and Defendants' renewed motion for judgment as a matter of law is denied.